| | |
|---|---|
| 1 | **JOHNSON FISTEL, LLP**<br>Frank J. Johnson (SBN 174882) |
| 2 | FrankJ@johnsonfistel.com<br>Brett M. Middleton (SBN 199427) |
| 3 | BrettM@johnsonfistel.com<br>501 West Broadway, Suite 800 |
| 4 | San Diego, CA 92101<br>Telephone: (619) 230-0063 |
| 5 | Facsimile: (619) 255-1856 |
| 6 | *Counsel for Movant Felix Maechler* |
| 7 | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PHILIP GOLUBOWSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC., VLADIMIR TENEV, JASON WARNICK, BAIJU BHATT, JAN HAMMER, PAULA LOOP, JONATHAN RUBENSTEIN, SCOTT SANDELL, ROBERT ZOELLICK, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., WELLS FARGO SECURITIES, LLC, MIZUHO SECURITIES USA LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., PIPER SANDLER & CO., ROSENBLATT SECURITIES INC., BMO CAPITAL MARKETS CORP., BTIG, LLC, SANTANDER INVESTMENT SECURITIES INC., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SAMUEL A. RAMIREZ & COMPANY, INC., and SIEBERT WILLIAMS SHANK & CO., LLC,<br><br>Defendants. | Case No.: 3:21-cv-09767-EMC<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF MOTION AND MOTION OF FELIX MAECHLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>DATE:    March 24, 2022<br>TIME:    1:30 p.m.<br>CTRM:   5, 17th Floor<br>JUDGE:   Honorable Edward M. Chen |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED .....................................................2

III. STATEMENT OF ALLEGATIONS ......................................................................2

IV. ARGUMENT ..........................................................................................................3

    A. Maechler Should Be Appointed Lead Plaintiff.........................................3

        1. This Motion is Timely...................................................................4

        2. Maechler Possesses the Largest Financial Interest ......................4

        3. Maechler Otherwise Satisfies Rule 23 ..........................................5

    B. Maechler's Selection of Lead Counsel Should Be Approved...................6

V. CONCLUSION .......................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Cohen v. U.S. Dist. Court for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) .................................................................................................. 6

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) .................................................................................................. 5

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .......................................................................................... 3, 5, 6

*In re Diamond Foods, Inc., Sec. Litig.*,
  281 F.R.D. 405 (N.D. Cal. 2012) ............................................................................................ 4

*In re NVIDIA Corp. Sec. Litig.*,
  No. 18-cv-07669-HSG,
  2019 WL 1960341 (N.D. Cal. May 2, 2019) .......................................................................... 4

*Perlmutter v. Intuitive Surgical, Inc.*,
  No. 10-CV-03451-LHK,
  2011 WL 566814 (N.D. Cal. Feb. 15, 2011) .......................................................................... 5

*Westley v. Oclaro, Inc.*,
  Nos. C-11-2448 EMC, C–11–3176 EMC,
  2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) ....................................................................... 5

STATUTES, RULES AND OTHER AUTHORITIES

15 U.S.C. § 77z-1(a)(3)(A)(i)(I)–(II) ........................................................................................... 3

15 U.S.C. § 77z-1(a)(3)(B) .......................................................................................................... 1

15 U.S.C. § 77z-1(a)(3)(B)(i) ...................................................................................................... 1

15 U.S.C. § 77z-1(a)(3)(B)(iii) ............................................................................................. 1, 2, 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ................................................................................................. 4

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ........................................................................................... 5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) .......................................................................................... 4

15 U.S.C. § 77z-1(a)(3)(B)(v) ............................................................................................... 2, 4, 6

ii

NOTICE OF MOTION AND MOTION OF FELIX MAECHLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; 3:21-cv-09767-EMC

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 24, 2022, or as soon thereafter as the matter may be heard, the undersigned will move before the Honorable Edward M. Chen, at the United States District Court for the Northern District of California, Courtroom 5 on the 17th Floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), for an order: (i) appointing Felix Maechler ("Maechler") as Lead Plaintiff; (ii) approving Maechler's selection of Johnson Fistel, LLP ("Johnson Fistel") as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper. This motion is made on the grounds that Maechler is the most adequate plaintiff to serve as Lead Plaintiff. In support of this motion, Maechler submits herewith a Memorandum of Points and Authorities and the Declaration of Brett M. Middleton ("Middleton Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This case is a federal securities class action brought on behalf of a putative class consisting of all persons and entities that purchased Robinhood Markets, Inc. ("Robinhood" or the "Company") common stock (NASDAQ: HOOD) pursuant and/or traceable to the Company's registration statement and prospectus ("Offering Documents") issued in connection with its July 2021 initial public offering (the "IPO"). The complaint charges Robinhood, certain of its directors and officers, and the IPO underwriters with violations of §§ 11, 12(a)(2), and 15 of the Securities Act of 1933. As such, this action is governed by the PSLRA.

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 77z-1(a)(3)(B)(i). The Court is to appoint the movant making a timely motion under the PSLRA's sixty-day deadline, who asserts the largest financial interest in the litigation, and who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii). Accordingly, here, Maechler should be appointed Lead Plaintiff because he: (1)

1

NOTICE OF MOTION AND MOTION OF FELIX MAECHLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; 3:21-cv-09767-EMC

timely filed this motion; (2) has the largest financial interest in the outcome of this litigation; and (3) is typical and will adequately represent the putative class's interests. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii).

The PSLRA also vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Because Johnson Fistel is a leading securities class action law firm and has earned a reputation for excellence in shareholder rights litigation, the Court should approve Maechler's choice of the firm to serve as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Maechler as Lead Plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and permit him to select Lead Counsel for the proposed class.

2. Whether the Court should approve Maechler's selection of Johnson Fistel as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

## III. STATEMENT OF ALLEGATIONS

Robinhood is a financial services company known for pioneering commission-free trades of stocks, exchange-traded funds, and cryptocurrencies via a mobile app. On or about July 30, 2021, Robinhood conducted its IPO, offering 55 million shares of its common stock to the public at a price of $38 per share for anticipated proceeds of over $2 billion.

According to Robinhood's IPO Offering Documents, Robinhood was a "safety-first company" with a "radical customer focus." It claimed to be committed to: (1) "quality execution," supposedly "performing regular and rigorous reviews of the execution quality [] customers receive;" (2) maintaining "high security standards" to keep customers' accounts safe; and (3) providing "dedicated support," to customers to resolve their issues swiftly. The Offering Documents further claimed that these commitments, its "fresh, people-centric approach," and "delightful, engaging customer experience," had led Robinhood to build "***deep, loyal customer relationships***" and positioned the Company well to "***continue*** attracting new people to [the] platform" and "***accelerate [ ] growth***."

2

NOTICE OF MOTION AND MOTION OF FELIX MAECHLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; 3:21-cv-09767-EMC

These representations, however, were allegedly inaccurate, misleading, and/or incomplete because they failed to disclose that, at the time of the IPO, Robinhood's revenue growth was experiencing a major reversal, with transaction-based revenues from cryptocurrency trading serving only as a short-term, transitory injection, masking what was actually stagnating growth.  In addition, the Company's "significant investments" in enhancing the reliability and scalability of its platform were allegedly inadequate and/or defective, exposing Robinhood to worsening service-level disruptions and security breaches, particularly as the Company scaled its services to a larger user base.

As these true facts emerged after the IPO, the Company's share price fell sharply.  By the commencement of this action, Robinhood's common stock traded as low as $17.08 per share, representing a decline of over 55% from the offering price.  As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Robinhood's shares, class members allegedly suffered significant losses and damages.

## IV.   ARGUMENT

### A.   Maechler Should Be Appointed Lead Plaintiff

The process for the selection of Lead Plaintiff under the PSLRA is "neither overly complex nor ambiguous." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  Preliminarily, notice of the action must be posted so purported class members can move for Lead Plaintiff appointment.  15 U.S.C. § 77z-1(a)(3)(A)(i)(I)–(II).

Next, the PSLRA directs the Court to adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3

NOTICE OF MOTION AND MOTION OF FELIX MAECHLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; 3:21-cv-09767-EMC

1    15 U.S.C. § 77z-1(a)(3)(B)(iii).  Once the foregoing presumption is established, competing
2    movants can rebut that presumption through a showing that the presumptive Lead Plaintiff will
3    not fairly or adequately represent the class.  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

4          Here, Maechler meets each of these requirements and should be appointed Lead Plaintiff
5    and permitted to select Lead Counsel for the putative class, subject to Court approval, pursuant
6    to 15 U.S.C. § 77z-1(a)(3)(B)(v).

### 1. This Motion is Timely

8          On December 17, 2021, notice of the above-captioned action was published on *Globe
9    Newswire* advising potential class members of the pendency of the action, its alleged claims, its
10   class definition, and the option of moving the Court to be appointed as Lead Plaintiff within 60
11   days, *i.e.*, by February 15, 2022.  *See* Middleton Decl., Ex. A (PSLRA Press Release).  Because
12   this motion is being filed on February 15, 2022, it is timely, and Maechler is entitled to be
13   considered for appointment as Lead Plaintiff.

### 2. Maechler Possesses the Largest Financial Interest

15         The PSLRA directs the Court to adopt a rebuttable presumption that the "most adequate
16   plaintiff" for Lead Plaintiff purposes is the movant with "the largest financial interest in the
17   relief sought by the class," so long as the movant "otherwise satisfies the requirements of
18   Rule 23."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  Thus, once the filing requirement is met, "'the
19   district court must compare the financial stakes of the various plaintiffs and determine which
20   one has the most to gain from the lawsuit.'"  *In re NVIDIA Corp. Sec. Litig.*, No. 18-cv-07669-
21   HSG, 2019 WL 1960341, at *2 (N.D. Cal. May 2, 2019) (citation omitted).

22         Courts consider the approximate loss a Lead Plaintiff applicant claims to have suffered
23   during the class period to be the most important factor in identifying the applicant with the
24   largest financial interest. *See In re Diamond Foods, Inc.*, *Sec. Litig.*, 281 F.R.D. 405, 408 (N.D.
25   Cal. 2012).  To determine which movant has the largest financial interest, courts "must compare
26   the financial stakes of the various plaintiffs and determine which one has the most to gain from
27   the lawsuit" through "accounting methods that are both rational and consistently applied."

4

NOTICE OF MOTION AND MOTION OF FELIX MAECHLER FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL; 3:21-cv-09767-EMC

*Cavanaugh*, 306 F.3d at 730 n.4; *see also Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at *3 (N.D. Cal. Feb. 15, 2011).

Here, Maechler suffered $73,356 in estimated PSLRA losses as a result of purchasing 4,180 Robinhood shares for $222,295. *See* Middleton Decl., Ex. B (PSLRA Certification) and Ex. C (Financial Interest Calculation). Accordingly, Maechler has a substantial financial interest in directing this litigation and recovering losses attributable to defendants' alleged violations of the federal securities laws. To the best of his counsel's knowledge, there are no other plaintiffs or movants with larger financial interests in this litigation. Therefore, Maechler satisfies the PSLRA's prerequisite of having the largest financial interest

### 3. Maechler Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)–(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the Lead Plaintiff stage). At the Lead Plaintiff selection stage, all that is required is a preliminary showing that the movant's claims are typical and adequate. *See, e.g., Westley v. Oclaro, Inc.*, Nos. C-11-2448 EMC, C–11–3176 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the Lead Plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The typicality requirement is satisfied here because Maechler seeks the same relief and advances the same legal theories as other class members. Indeed, like other class members: (i) Maechler purchased Robinhood shares; (ii) his purchases were made pursuant and/or traceable to Company's allegedly false and

5

misleading IPO Offering Documents; and (iii) he was damaged thereby. Maechler's claims therefore arise from the same course of events and his legal arguments to prove defendants' liability are identical to the balance of the class.

The adequacy requirement is met if no conflict exists between the movant's and class's interests and the movant's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4). Here, Maechler has retained counsel experienced in prosecuting securities class actions under the PSLRA. *See* section III(B), below. Additionally, no antagonism exists between his interests and those of the absent class members. Their interests are squarely aligned. Maechler has also amply demonstrated his adequacy by signing a sworn PSLRA certification and declaration evidencing his willingness to serve as a representative party on behalf of the class, including testifying at deposition or trial. *See* Middleton Decl., Ex. B (PSLRA Certification) and Ex. D (Declaration of Felix Maechler). Finally, Maechler's significant losses in connection with his Robinhood investments ensure that he has the incentive to vigorously pursue the claims against defendants. *Id.*, Ex. C (Financial Interest Calculation).

Because Maechler has the largest financial interest in the action and has made a *prima facie* showing of typicality and adequacy, he should be appointed Lead Plaintiff.

### B.  Maechler's Selection of Lead Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select Lead Counsel, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 711–12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"); *Cavanaugh*, 306 F.3d at 732–35. Maechler has selected Johnson Fistel as Lead Counsel in this case.

Johnson Fistel, a national law firm with offices located in California, Georgia, and New York, has earned a reputation for excellence and innovation in shareholder rights litigation. Johnson Fistel has been appointed as Lead Counsel or Co-Lead Counsel in shareholder litigation

6

NOTICE OF MOTION AND MOTION OF FELIX MAECHLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; 3:21-cv-09767-EMC

numerous times in federal and state courts throughout the country and has successfully litigated numerous such cases on behalf of injured investors. *See* Middleton Decl., Ex. E (Johnson Fistel Firm Resume). For example, Johnson Fistel, as co-lead counsel in a securities class action case alleging violations of §§ 11 and 15 of the Securities Act of 1933 and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, secured an $18.75 million class-wide settlement in *Gerneth v. Chiasma, Inc.*, No. 1:16-cv-11082-DJC (D. Mass.). Similarly, in *In re Flowers Foods, Inc. Sec. Litig.,* No. 7:16-cv-0022-WLS (M.D. Ga.), a securities class action case alleging violations of §§ 10(b) and 20(a) of the Exchange Act, Johnson Fistel, as co-lead counsel, secured a $21 million class-wide settlement. These are a small representation of recent examples of cases successfully litigated by Johnson Fistel on behalf of shareholders. Based upon Johnson Fistel's experience and proven track record, Maechler's selection of the firm as Lead Counsel is reasonable and should be approved.

## V. CONCLUSION

Accordingly, Maechler respectfully requests that the Court appoint him as Lead Plaintiff and approve his selection of Johnson Fistel as Lead Counsel.

Respectfully Submitted,

Dated:  February 15, 2022         **JOHNSON FISTEL, LLP**

By:  */s/ Brett M. Middleton*
BRETT M. MIDDLETON

FRANK J. JOHNSON
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
BrettM@johnsonfistel.com
FrankJ@johnsonfistel.com

*Counsel for Movant Felix Maechler*

7

NOTICE OF MOTION AND MOTION OF FELIX MAECHLER FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; 3:21-cv-09767-EMC