**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway Street, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Leroy Doug Altman*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP GOLUBOWSKI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC., VLADIMIR TENEV, JASON WARNICK, BAIJU BHATT, JAN HAMMER, PAULA LOOP, JONATHAN RUBENSTEIN, SCOTT SANDELL, ROBERT ZOELLICK, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., WELLS FARGO SECURITIES, LLC, MIZUHO SECURITIES USA LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., PIPER SANDLER & CO., ROSENBLATT SECURITIES INC., BMO CAPITAL MARKETS CORP., BTIG, LLC, SANTANDER INVESTMENT SECURITIES INC., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SAMUEL A. RAMIREZ & COMPANY, INC., and SIEBERT WILLIAMS SHANK & CO., LLC,<br><br>Defendants. | Case No.: 3:21-cv-09767-EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:        March 24, 2022<br>Time:        1:30 p.m.<br>Courtroom: 5-17th Floor<br>Judge:       Hon. Edward Chen |

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on March 24, 2022 at 1:30 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Edward Chen at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 5 on the 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1. Appointing Leroy Doug Altman ("Movant") as Lead Plaintiff;

2. Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

3. Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of his motion for: (a) appointment of Movant as Lead Plaintiff; and (b) approval of Levi & Korsinsky as Lead Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT ................................................................................................. 1

II.  STATEMENT OF ISSUES TO BE DECIDED ...................................................................... 1

III. STATEMENT OF FACTS ....................................................................................................... 2

IV.  PROCEDURAL HISTORY ..................................................................................................... 3

V.   ARGUMENT ............................................................................................................................. 3

    A.   Movant's Appointment as Lead Plaintiff Is Appropriate. ............................................... 3

        1.   The Procedure Required by the PSLRA ................................................................. 3

            a.   Movant Is Willing to Serve as Class Representative. ............................. 4

            b.   Movant Has the Largest Financial Interest in the Relief Sought by the Class. ............................................................................................................. 4

        2.   Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. .................................................................................................................. 5

            a.   Movant's Claims Is Typical of the Claims of All Class Members. ......... 6

            b.   Movant Will Adequately Represent the Class. ....................................... 7

    B.   Approval of Movant's Choice of Counsel Is Appropriate. ............................................. 8

VI.  CONCLUSION .......................................................................................................................... 9

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
  No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) ............................ 4

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................................................... 1, 4, 5

*In re Coinbase Global Securities Litigation*,
  No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ................................................. 7

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ....................................................................................................... 6

*Daniels Family 2001 v. Las Vegas Sands Corp.*,
  2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) .................................................................. 7

*Deinnocentis v. Dropbox, Inc.*,
  2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ............................................................ 8

*In re Drexel Burnham Lambert Grp.*,
  960 F.2d 285 (2d Cir. 1992) ....................................................................................................... 6

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ............................................................................................... 5

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) .................................................................................................................... 6

*Gold v. Lumber Liquidators, Inc.*,
  323 F.R.D. 280 (N.D. Cal. 2017) ............................................................................................... 6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .................................................................................................... 5

*Haung v. Acterna Corp.*,
  220 F.R.D. 255 (D. Md. 2004) ................................................................................................... 5

*Hessefort v. Super Micro Computer, Inc*,
  317 F.Supp.3d 1056 (N.D. Cal. 2018) ....................................................................................... 5

*Johnson v. OCZ Tech. Grp.*,
  2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) .......................................................... 1, 3

*In re LendingClub Sec. Litig.*,
  282 F.Supp.3d 1171 (N.D. Cal. 2017) .................................................................................... 5, 6

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) .................................................................................................... 5

*Nickerson v. American Electric Power Company, Inc., et al.*,
  No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) ...................................................... 8

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................................5

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993)........................................................................................................5

*Veal v. LendingClub Corporation,*
    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ..............................................................................5

*White Pine Invs. v. CVR Ref.,*
    2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)................................................................7

**Statutes**

15 U.S.C. § 77z-1..................................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) .........................................................................................................1, 5, 6

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

## I. SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") against (i) Robinhood Markets, Inc. ("Robinhood" or the "Company"), (ii) certain of the Company's senior executives and directors who signed the Registration Statement, effective July 28, 2021, issued in connection with the Company's initial public offering (the "IPO" or the "Offering"), and (iii) the underwriters of the Offering, brought under claims pursuant to §§11, 12, and 15 of the Securities Act of 1933 ("Securities Act") against the Company and certain of its officers and/or directors. Plaintiff alleges that the Registration Statement and Prospectus (filed with the SEC on July 1, 2021 and July 30, 2021, respectively), including all amendments thereto, contained materially incorrect or misleading statements and/or omitted material information that was required by law to be disclosed.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant lost approximately $189,000 in losses pursuant to 15 U.S.C. §77k(e).[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) he be appointed Lead Plaintiff; and (2) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

---

[1] Movant's certification identifying his transactions in Robinhood, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl."), as Exhibits A and B, respectively.

[2] The "Class" is comprised of all persons who purchased or otherwise acquired Robinhood shares pursuant to the Offering.

2. Whether the Court should appoint Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed Class.

### III. STATEMENT OF FACTS[3]

Robinhood Markets, Inc. is a financial services company headquartered in Menlo Park, California, known for pioneering commission-free trades of stocks, exchange-traded funds ("ETFs") and cryptocurrencies via a mobile app. ¶ 2. The Company conducted its IPO on or about July 30, 2021, offering 55 million shares of its common stock to the public at a price of $38 per share (the "Offering Price") for anticipated proceeds of over $2 billion. ¶ 3.

According to the Offering Documents, Robinhood is a "*safety-first company*" with a "*radical customer focus.*" ¶ 4. It claims to be committed to: (1) "*quality execution*," supposedly "performing regular and rigorous reviews of the execution quality [ ] customers receive;" (2) maintaining "*high security standards*" to keep customers' accounts safe; and (3) providing "dedicated support," to customers to resolve their issues swiftly. *Id.* According to the Offering Documents, these commitments, its "fresh, *people-centric approach*," and "delightful, engaging customer experience," has led Robinhood to build "*deep, loyal customer relationships*" and has positioned the Company well to "*continue* attracting new people to [the] platform" and "*accelerate* [ ] *growth*." *Id.*

Unbeknownst to investors, however, these representations (and others discussed herein) were materially inaccurate, misleading, and/or incomplete because they failed to disclose that, at the time of the IPO, Robinhood's revenue growth was experiencing a major reversal, with transaction-based revenues from cryptocurrency trading serving only as a short-term, transitory injection, masking what was actually stagnating growth. ¶ 5. Further, the Company's "significant investments" in enhancing the reliability and scalability of its platform were patently inadequate and/or defective, exposing Robinhood to worsening service-level disruptions and security breaches, particularly as the Company

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Golubowski* Complaint") filed in the action styled *Golubowski v. Robinhood Markets, Inc., et. al.,* Case No. 3:21-cv-09767-EMC (the "*Golubowski* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Golubowski* Complaint. The facts set forth in the *Golubowski* Complaint are incorporated herein by reference.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

scaled its services to a larger user base. *Id.*

As these true facts emerged after the Offering, the Company's shares fell sharply. ¶ 6. By the commencement of this action, Robinhood's shares traded as low as $17.08 per share, representing a decline of over 55% from the Offering Price. *Id.*

By this action, Plaintiff, on behalf of himself and other members of the Class who also acquired Robinhood's shares pursuant and traceable to the Offering, now seeks to obtain a recovery for the damages suffered as a result of Defendants' violations of the Securities Act, as alleged herein. ¶ 7.

## IV. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Golubowski* Action against the Defendants. Plaintiff Philip Golubowski ("Golubowski") commenced the first-filed action of December 17, 2021. On that same day, counsel acting on Golubowski's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C (Press Release).

## V. ARGUMENT

### A. Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1. The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff

is the "person or group of persons" that:

    (aa)    has either filed the complaint or made a motion in response to a notice;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a. Movant Is Willing to Serve as Class Representative.

On December 17, 2021, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 27(a)(3)(A) of the Securities Act, which announced that a securities class action had been filed against Robinhood and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[4]

Movant has reviewed the complaint filed in the pending Action and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b. Movant Has the Largest Financial Interest in the Relief Sought by the

---

[4] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

**Class.**

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Robinhood shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $189,000. *See* Apton Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

**2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.**

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a.   Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Robinhood shares pursuant to the Offering and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

Movant seeks to recover is similar to those of other Class members and his losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in securities for five years. He resides in Mitchell, South Dakota, and possesses a high school diploma. Movant is the owner of Doug's Auto Sales which has been in business for thirty-five years, and the owner of South Dakota Yellow Labs which has been in business for twenty-five years. Further, Movant has experience overseeing attorneys, as he has hired attorneys for real estate matters. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15

U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Action as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### B. Approval of Movant's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914 at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.*, 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl., Ex. E (the firm résumé of Levi & Korsinsky).

## VI. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: February 15, 2022           Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway Street, Suite 202
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Lead Counsel for Leroy Doug Altman and [Proposed] Lead Counsel for the Class*

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEROY DOUG ALTMAN'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL