1 | Robert V. Prongay (SBN 270796)
    rprongay@glancylaw.com
2 | Charles H. Linehan (SBN 307439)
    clinehan@glancylaw.com
3 | GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
4 | Los Angeles, California 90067
Telephone: (310) 201-9150
5 | Facsimile: (310) 201-9160

6 | *Counsel for Lead Plaintiff Movant Josh Raborn and Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP GOLUBOWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC., VLADIMIR TENEV, JASON WARNICK, BAIJU BHATT, JAN HAMMER, PAULA LOOP, JONATHAN RUBENSTEIN, SCOTT SANDELL, ROBERT ZOELLICK, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., WELLS FARGO SECURITIES, LLC, MIZUHO SECURITIES USA LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., PIPER SANDLER & CO., ROSENBLATT SECURITIES INC., BMO CAPITAL MARKETS CORP., BTIG, LLC, SANTANDER INVESTMENT SECURITIES INC., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SAMUEL A. RAMIREZ & COMPANY, INC., and SIEBERT WILLIAMS SHANK & CO., LLC,<br><br>Defendants. | Case No. 3:21-cv-09767-EMC<br><br>**NOTICE OF MOTION AND MOTION OF JOSH RABORN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    March 24, 2022<br>Time:    1:30 p.m.<br>Crtrm.:   5 - 17th Floor<br><br>Judge:   Edward M. Chen |

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
Case No. 3:21-cv-09767-EMC

**NOTICE OF MOTION AND MOTION**

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 24, 2022, at 1:30 p.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Edward M. Chen, at the San Francisco Courthouse, 450 Golden Gate Avenue, 17th Floor, Courtroom 5, San Francisco, California 94102, Josh Raborn ("Raborn") will move this Court for entry of an Order: (i) appointing Raborn as Lead Plaintiff; (ii) approving Raborn's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). In support of this Motion, Raborn submits a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Raborn is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced action. Further, Raborn satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

Josh Raborn ("Raborn") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Raborn as Lead Plaintiff under 15 U.S.C. § 77z-1(a)(3)(B); (3) approving Raborn's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

I.   **PRELIMINARY STATEMENT**

This is a class action on behalf of all persons and entities that purchased, or otherwise acquired, Robinhood Markets, Inc. ("Robinhood" or the "Company") common stock issued in connection with the Company's July 2021 Initial Public Offering ("IPO" or "Offering").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff as lead plaintiff—the plaintiff most capable of adequately representing the interests of class members. 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA further provides that the plaintiff or movant with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii). This motion is made on the grounds that Raborn is the "most adequate plaintiff" as defined by the PSLRA.

Raborn has "the largest financial interest in the relief sought by the class" as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Raborn satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Raborn respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Raborn's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

Robinhood Markets, Inc. is a financial services company headquartered in Menlo Park, California, known for pioneering commission-free trades of stocks, exchange-traded funds ("ETFs") and cryptocurrencies via a mobile app.

According to the Robinhood's offering documents, it is a "safety-first company" with a "radical customer focus." It claims to be committed to: (1) "quality execution," supposedly "performing regular and rigorous reviews of the execution quality [] customers receive;" (2) maintaining "high security standards" to keep customers' accounts safe; and (3) providing "dedicated support," to customers to resolve their issues swiftly. According to the Offering Documents, these commitments, its "fresh, people-centric approach," and "delightful, engaging customer experience," has led Robinhood to build "deep, loyal customer relationships" and has positioned the Company well to "continue attracting new people to [the] platform" and "accelerate [] growth."

However, the compliant filed in this action alleges that these representations were materially inaccurate, misleading, and/or incomplete because they failed to disclose that, at the time of the IPO, Robinhood's revenue growth was experiencing a major reversal, with transaction-based revenues from cryptocurrency trading serving only as a short-term, transitory injection, masking stagnating growth. In addition, the Company's "significant investments" in enhancing the reliability and scalability of its platform were patently inadequate and/or defective, exposing Robinhood to worsening service-level disruptions and security breaches, particularly as the Company scaled its services to a larger user base.

As these facts emerged after the Offering, the Company's share price fell, injuring investors. By the commencement of this action, Robinhood's shares traded as low as $17.08 per share, representing a decline of more than 55% from the Offering price.

---

[1] This section is adapted from the allegations in the complaints in the above-captioned action. Dkt. No. 1.

III.     ARGUMENT

     A.     **Raborn Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

    (aa) has either filed the complaint or made a motion in response to a notice...;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

    (aa)   will not fairly and adequately protect the interest of the class; or

    (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Raborn has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. Raborn, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23 and is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Raborn respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1. Raborn's Motion Is Timely

Raborn has made a timely motion in response to a PSLRA early notice. On December 17, 2021, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Raborn had sixty days (*i.e.*, until February 15, 2022) to file a motion to be appointed as Lead Plaintiff. As a purchaser of Robinhood securities pursuant and/or traceable to the IPO, Raborn is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Raborn has also filed a Certification attesting that he adopts the allegations in the complaint, and that he is willing to represent the class. *See* Linehan Decl., Ex. B. As such, Raborn has filed a timely motion.

### 2. Raborn Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Raborn believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, Raborn suffered substantial financial harm. *See* Linehan Decl., Ex. C (Financial Interest Analysis). To the best of his knowledge, Raborn is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Raborn believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Raborn Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant*, 264 F.3d at 263 ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a) Raborn's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Raborn's claims are typical of the claims asserted by the proposed class. Like all members of the Class, Raborn alleges that the Defendants' material misstatements and omissions concerning Robinhood's business, operations, and financial prospects violated the federal

securities laws. Raborn, like all members of the class, purchased Robinhood securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Raborn's interests and claims are typical of the interests and claims of the class.

### b) Raborn Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004) (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

Here, Raborn easily satisfies the adequacy requirements. Raborn's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Raborn is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Raborn has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé). Raborn is not aware of any conflict between his claims and those asserted on behalf of the Class. Therefore, Raborn satisfies the typicality and adequacy requirements of Rule 23.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the class." *Osher*, 2001 WL 861694, at *4.  Here, Raborn has selected GPM as lead counsel for the class. As

reflected by the firm's résumé, attached to the Linehan Decl. as Ex. D, the Court may be assured that, by granting Raborn's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Raborn's selection of counsel.

## IV.     CONCLUSION

For the foregoing reasons, Josh Raborn respectfully asks the Court to grant his motion and enter an Order: (i) appointing Raborn as Lead Plaintiff; (ii) approving Raborn's selection of GPM as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED:  February 15, 2022              Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**
By:     */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Josh Raborn and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On February 15, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 15, 2022, at Los Angeles, California.

/s/ *Charles H. Linehan*
Charles H. Linehan