POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (212) 661-8665
jpafiti@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants Haim Ronan and Igor Tanas and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP GOLUBOWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC., VLADIMIR TENEV, JASON WARNICK, BAIJU BHATT, JAN HAMMER, PAULA LOOP, JONATHAN RUBENSTEIN, SCOTT SANDELL, ROBERT ZOELLICK, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., WELLS FARGO SECURITIES, LLC, MIZUHO SECURITIES USA LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., PIPER SANDLER & CO., ROSENBLATT SECURITIES INC., BMO CAPITAL MARKETS CORP., BTIG, LLC, SANTANDER INVESTMENT SECURITIES INC., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SAMUEL A. RAMIREZ & COMPANY, INC., and SIEBERT WILLIAMS SHANK & CO., LLC,<br><br>Defendants. | Case No.: 3:21-cv-09767-EMC<br><br>NOTICE OF MOTION AND MOTION OF HAIM RONAN AND IGOR TANAS FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>Date: March 24, 2022<br>Time: 1:30 p.m.<br>Judge: Hon. Edward M. Chen<br>Courtroom: 5 – 17th Floor |

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................................. 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 3

      I.     PRELIMINARY STATEMENT ................................................................ 3

      II.    STATEMENT OF FACTS ........................................................................ 4

      III.   ARGUMENT .............................................................................................. 5

            A.    RONAN AND TANAS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS ............................................................................... 5

                1.    Ronan and Tanas Are Willing to Serve as Class Representatives . 6

                2.    Ronan and Tanas Are the Most Adequate Plaintiffs Within the Meaning of the PSLRA ................................................................. 7

                      a.    Ronan and Tanas Have the Largest Financial Interest in the Action ........................................................................ 7

                      b.    Ronan and Tanas Otherwise Satisfy Rule 23's Requirements ................................................................... 8

            B.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ............................................................................... 12

      IV.   CONCLUSION ........................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) .................................................................................................. 11

*Bruce v. Suntech Power Holdings Co., Ltd.*,
   No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702
   (N.D. Cal. Nov. 13, 2012) ............................................................................................................ 12

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ................................. 2, 8

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ......................................................................................................... 9

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ...................................................................................... 8

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513
   (E.D.N.Y. Dec. 15, 2017) ............................................................................................................ 11

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d. Cir. 2001) ....................................................................................................... 11

*In re Comverse Technology, Inc. Securities Litigation*,
   No. 06-CV-1825 (E.D.N.Y.) ....................................................................................................... 13

*In re Solar City Corp. Sec. Litig.*,
   No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ................................... 8

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................................. 2, 8

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) .......................... 2, 7, 8

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ....................................................... 2

*Nicolow v. Hewlett Packard Co.*,
   No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ........................................ 2, 8

*Osher v. Guess?, Inc.*,
  No. CV01-00871LGB(RNBX), 2001 WL 861694
  (C.D. Cal. Apr. 26, 2001) ................................................................................................ 12

*Perrin v. Southwest Water Co.*,
  No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154
  (C.D. Cal. Feb. 12, 2009) ........................................................................................... 11, 12

*Richardson v. TVIA, Inc.*,
  No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................................. 9

*Robb v. Fitbit Inc.*,
  No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457
  (N.D. Cal. May 10, 2016) .......................................................................................... 11, 12

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .............................................................................................. 10

*Tai Jan Bao v. SolarCity Corp.*,
  No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ................................ 8

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................................ 11

**Statutes**

15 U.S.C. § 77z-1 ................................................................................................................ *passim*

15 U.S.C. § 78u-4 ............................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ............................................................... *passim*

Securities Act of 1933 ................................................................................................................ 1

**Rules**

Federal Rule of Civil Procedure 23 ..................................................................................... *passim*

iii
NOTICE OF MOTION AND MOTION OF HAIM RONAN AND IGOR TANAS FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 3:21-cv-09767-EMC

# NOTICE OF MOTION

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 24, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Edward M. Chen, at the San Francisco Federal District Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Haim Ronan and Igor Tanas (collectively, "Ronan and Tanas") will and hereby do respectfully move this Court, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Ronan and Tanas as Co-Lead Plaintiffs on behalf of a class consisting of all persons and entities that purchased, or otherwise acquired, Robinhood Markets, Inc. ("Robinhood" or the "Company") common stock issued in connection with the Company's initial public offering (the "IPO" or the "Offering") (the "Class"); and (2) approving Ronan and Tanas's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

# SUMMARY OF ARGUMENT

To the extent that this motion seeks appointment of Ronan and Tanas as Co-Lead Plaintiffs, this motion is made on the grounds that Ronan and Tanas are the "most adequate plaintiffs" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Ronan and Tanas's appointment as Co-Lead Plaintiffs. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i). Ronan and Tanas believe that they are entitled to a rebuttable presumption favoring their appointment, since they have the "largest financial interest" in the relief sought by the Class in the above-captioned action (the "Action") by virtue of, *inter alia*, their losses of approximately $156,773, which were suffered as a result of the above-captioned defendants' ("Defendants")

wrongful conduct as alleged in the Action. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  As the movants, to their knowledge, with the largest financial interest in the Action, Ronan and Tanas believe they are presumptively the most adequate lead plaintiffs within the meaning of the PSLRA.

Ronan and Tanas also satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") because their claims are typical of the claims of other putative Class members and because they will fairly and adequately represent their interests.

In addition, the PSLRA vests authority in Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court.  Ronan and Tanas's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Action effectively and expeditiously under Ronan and Tanas's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti, Esq. in Support of Motion ("Pafiti Decl."), and all exhibits thereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the movant or group of movants that possesses the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Rule 23. *Id.* Ronan and Tanas believe that they should benefit from a rebuttable presumption arising from their having the largest financial interest in this litigation. Ronan and Tanas collectively purchased 13,200 shares of Robinhood common stock issued in connection with the Company's IPO, expended $562,126 on their purchases, and, as a result of Defendants' wrongful conduct as alleged in the Action, incurred losses of approximately $156,773 in connection with their purchases of Robinhood common stock issued in connection with the Company's IPO. *See* Pafiti Decl., Exhibit ("Ex.") A.

Beyond their significant financial interest, Ronan and Tanas also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their responsibilities as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Ronan and Tanas have selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Based on their being the "most adequate plaintiffs," their significant financial interest, their satisfaction of Rule 23 requirements, and their commitment to overseeing the Action, Ronan and Tanas respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel for the Class.

## II. STATEMENT OF FACTS

As alleged in the Complaint of the Action, Robinhood is a financial services company headquartered in Menlo Park, California, known for pioneering commission-free trades of stocks, exchange-traded funds and cryptocurrencies via a mobile app.

On or about July 30, 2021, Robinhood conducted its IPO, offering 55 million shares of its common stock to the public at a price of $38 per share (the "Offering Price") for anticipated proceeds of over $2 billion.

According to the Offering Documents, Robinhood is a "safety-first company" with a "radical customer focus."  It claims to be committed to: (1) "quality execution," supposedly "performing regular and rigorous reviews of the execution quality [ ] customers receive;" (2) maintaining "high security standards" to keep customers' accounts safe; and (3) providing "dedicated support" to customers to resolve their issues swiftly.  According to the Offering Documents, these commitments, its "fresh, people-centric approach," and "delightful, engaging customer experience," has led Robinhood to build "deep, loyal customer relationships" and has positioned the Company well to "continue attracting new people to [the] platform" and "accelerate [ ] growth."

Unbeknownst to investors, however, these representations (and others discussed in the Action's Complaint) were materially inaccurate, misleading, and/or incomplete because they failed to disclose that, at the time of the IPO, Robinhood's revenue growth was experiencing a

major reversal, with transaction-based revenues from cryptocurrency trading serving only as a short-term, transitory injection, masking what was actually stagnating growth. In addition, the Company's "significant investments" in enhancing the reliability and scalability of its platform were patently inadequate and/or defective, exposing Robinhood to worsening service-level disruptions and security breaches, particularly as the Company scaled its services to a larger user base.

As these true facts emerged after the Offering, the Company's shares fell sharply. By the commencement of this Action, Robinhood's shares traded as low as $17.08 per share, representing a decline of over 55% from the Offering Price.

By this Action, the plaintiff of the Action, on behalf of himself and other members of the Class, including Ronan and Tanas, who also acquired Robinhood's shares pursuant and traceable to the Offering, now seeks to obtain a recovery for the damages suffered as a result of Defendants' violations of the Securities Act, as alleged in the Complaint.

III.   **ARGUMENT**

   A.   **RONAN AND TANAS SHOULD BE APPOINTED CO-LEAD PLAINTIFFS**

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on December 17, 2021 (*see* Pafiti Decl., Ex. B). *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i)-(ii). Ronan and Tanas's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 77z-1(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that

the court determines to be most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')." 15 U.S.C. § 77z-1(a)(3)(B)(i). Ronan and Tanas are the "most adequate plaintiffs" within the meaning of the PSLRA and should therefore be appointed as Co-Lead Plaintiffs.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a motion for appointment as lead plaintiff; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa)-(cc). As set forth below, Ronan and Tanas satisfy all three of these criteria and thus believe that they are entitled to the rebuttable presumption that they are the most adequate plaintiffs within the meaning of the PSLRA. Specifically, Ronan and Tanas are willing to serve as Co-Lead Plaintiffs, have the largest financial interest of any movant in the Action to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Ronan and Tanas respectfully urge the Court to appoint them to serve as Co-Lead Plaintiffs overseeing the Action.

### 1. Ronan and Tanas Are Willing to Serve as Class Representatives

On December 17, 2021, counsel for the plaintiff in the Action caused a notice to be published over *Globe Newswire* pursuant to Section 27(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in Robinhood common stock that they had until February 15, 2022—*i.e.*, 60 days from the date of the PSLRA Notice—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.

Ronan and Tanas have filed the instant motion pursuant to the PSLRA Notice, and have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Under the PSLRA, Ronan and Tanas's actions were timely and legally sufficient. Accordingly, Ronan and Tanas readily satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### 2. Ronan and Tanas Are the Most Adequate Plaintiffs Within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 77z-1(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereinafter . . . the 'most adequate plaintiff')." *See* 15 U.S.C. § 77z-1(a)(3)(B)(i). Ronan and Tanas are the "most adequate plaintiffs" within the meaning of the PSLRA and should therefore be appointed as Co-Lead Plaintiffs.

#### a. Ronan and Tanas Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). To the best of their knowledge, Ronan and Tanas have the largest financial interest of any Robinhood investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered. 1997 WL 461036, at *5. In accord

with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys.*, 2012 WL 78780, at *4 (same); *Knox*, 136 F. Supp. 3d at 1163 (same).

In connection with the Company's IPO, Ronan and Tanas collectively: (1) purchased 13,200 shares of Robinhood common stock; (2) expended $562,126 on their purchases of Robinhood common stock; and (3) as a result of Defendants' wrongful conduct as alleged in the Action, incurred losses of approximately $156,773 in connection with their purchases of Robinhood common stock issued in connection with the Company's IPO.  *See* Pafiti Decl., Ex. A.  Thus, under the *Lax* factors, Ronan and Tanas believe that they have the largest financial interest among any lead plaintiff movants in the Action, thereby entitling Ronan and Tanas to a rebuttable presumption that they are the "most adequate plaintiffs" within the PSLRA's meaning (15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb)), given that they also satisfy the requirements of Rule 23.

    **b.**  **Ronan and Tanas Otherwise Satisfy Rule 23's Requirements**

For lead plaintiff movants to secure the PSLRA's rebuttable presumption that they are the "most adequate plaintiffs," the movants must also demonstrate that they "otherwise satisf[y] the requirements of Rule 23."  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).  A *prima facie* showing suffices for this determination.  *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."  *In*

*re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017). Ronan and Tanas readily pass muster.

Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Rule 23(b)(3) adds that common questions must predominate over any questions affecting only individual class members and that a class action must be superior to other available methods for fairly and efficiently adjudicating the case. *See* Fed. R. Civ. P. 23(b)(3). Here, the Complaint in the Action pleads Rule 23(a)(1) numerosity (*see* Dkt. No. 1 ¶ 70), Rule 23(a)(2) common questions (*see id.* ¶ 72), and Rule 23(b)(3) predominance (*see id.*) and superiority (*see id.* ¶ 73) in a manner common to all lead plaintiff candidates. The sufficiency of these allegations is not upset by any facts uniquely concerning Ronan and Tanas.

Ronan and Tanas satisfy the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Ronan and Tanas's claims are typical of those of the Class members. Like all Class members, Ronan and Tanas allege that: (1) Defendants violated the Securities Act by making false or misleading statements of material facts and/or by omitting to disclose material facts concerning Robinhood; (2) Ronan and Tanas and the Class members purchased Robinhood

common stock issued in connection with the Company's IPO at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Ronan and Tanas and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove Robinhood's share price downward.  These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Ronan and Tanas's typicality under Rule 23(a)(3).

Ronan and Tanas also satisfy the Rule 23(a)(4) adequacy requirement.  In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).  Here, Ronan and Tanas have submitted Certifications executed by them declaring their commitment to protect the interests of the Class.  *See* Pafiti Decl., Ex. C.  Ronan and Tanas have no conflicts of interest or antagonism with the Class of Robinhood investors they seek to represent.  Ronan and Tanas's significant losses from their purchases of Robinhood common stock issued in connection with the Company's IPO demonstrate that they have a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, Ronan and Tanas have already demonstrated their ability to pursue securities claims through their choice of counsel, Pomerantz.  Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.B., *infra*.  Ronan and Tanas's and Pomerantz's willingness and ability to zealously litigate the claims in the

Action on behalf of the Class cannot reasonably be questioned. In addition to Pomerantz, Igor Tanas is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this Action.

Further, Ronan and Tanas constitute an appropriate group of the type routinely appointed to serve as Co-Lead Plaintiffs. *See, e.g.*, *Perrin v. Southwest Water Co.*, No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154, at *13 (C.D. Cal. Feb. 12, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted); *In re Blue Apron Holdings, Inc. Sec. Litig.*,, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff).

Ronan and Tanas likewise have demonstrated their adequacy because they are a small and cohesive group of two investors who have submitted a Joint Declaration attesting to, *inter alia*, their backgrounds, their investing experience, their understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on

behalf of the Class.  See Pafiti Decl., Ex. D.  Courts routinely appoint Co-Lead Plaintiffs under such circumstances.  See, e.g., *Fitbit*, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (appointing as lead plaintiff a group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus, using a majority vote as a back-stop"); *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 U.S. Dist. LEXIS 167702, at *9 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Perrin*, 2009 U.S. Dist. LEXIS 134154, at *13 (appointing as lead plaintiff a group of four investors that "submitted a Joint Declaration agreeing to 'work together to ensure the maximum recovery on behalf of the proposed class'").

### B.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in Lead Plaintiffs to select and retain Lead Counsel, subject to the approval of the Court.  See 15 U.S.C. § 77z-1(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should not interfere with Lead Plaintiffs' selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Ronan and Tanas have selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80-plus year history, as detailed in its firm resume.  See Pafiti Decl., Ex. E.  Pomerantz

recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

As a result of its extensive experience in similar litigation, Ronan and Tanas's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Action effectively and expeditiously. The Court may be assured that by approving Ronan and Tanas's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available. Thus, Ronan and Tanas respectfully urge the Court to appoint Pomerantz to serve as Lead Counsel.

IV. **CONCLUSION**

For the foregoing reasons, Ronan and Tanas respectfully request that the Court issue an Order: (1) appointing Ronan and Tanas as Co-Lead Plaintiffs for the Class; and (2) approving Ronan and Tanas's selection of Pomerantz as Lead Counsel for the Class.

Dated: February 15, 2022                Respectfully submitted,

                                        POMERANTZ LLP

                                        */s/ Jennifer Pafiti*
                                        Jennifer Pafiti (SBN 282790)
                                        1100 Glendon Avenue, 15th Floor
                                        Los Angeles, California 90024
                                        Telephone: (310) 405-7190

Facsimile: (212) 661-8665
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants Haim Ronan and Igor Tanas and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Co-Lead Plaintiff Movant Igor Tanas*

**PROOF OF SERVICE**

I hereby certify that on February 15, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti