1  Thomas L. Laughlin, IV (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
2  The Helmsley Building
230 Park Avenue, 17th Floor
3  New York, NY 10169
Telephone: (212) 223-6444
4  tlaughlin@scott-scott.com

5  *Attorneys for Co-Lead Plaintiff Movants Dr. Vinod Sodha and*
*Dr. Amee Sodha and Proposed Lead Counsel for the Class*

6  [Additional Counsel on Signature Page.]

7  **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
8

9  PHILIP GOLUBOWSKI, Individually and on
Behalf of All Others Similarly Situated,
10

11                            Plaintiff,

12        v.

13  ROBINHOOD MARKETS, INC., VLADIMIR
TENEV, JASON WARNICK, BAIJU BHATT,
14  JAN HAMMER, PAULA LOOP, JONATHAN
RUBENSTEIN, SCOTT SANDELL, ROBERT
15  ZOELLICK, GOLDMAN SACHS & CO. LLC,
J.P. MORGAN SECURITIES LLC,
16  BARCLAYS CAPITAL INC., WELLS FARGO
SECURITIES, LLC, MIZUHO SECURITIES
17  USA LLC, JMP SECURITIES LLC,
KEYBANC CAPITAL MARKETS INC.,
18  PIPER SANDLER & CO., ROSENBLATT
SECURITIES INC., BMO CAPITAL
19  MARKETS CORP., BTIG, LLC,
SANTANDER INVESTMENT SECURITIES
20  INC., ACADEMY SECURITIES, INC., LOOP
CAPITAL MARKETS LLC, SAMUEL A.
21  RAMIREZ & COMPANY, INC., and SIEBERT
WILLIAMS SHANK & CO., LLC,
22
                            Defendants

Case No. 3:21-cv-09767-EMC

**NOTICE OF MOTION & MOTION OF
DR. VINOD SODHA AND DR. AMEE
SODHA FOR: (1) APPOINTMENT AS
CO-LEAD PLAINTIFFS; AND (2)
APPROVAL OF SELECTION OF LEAD
COUNSEL; AND MEMORANDUM OF
POINTS & AUTHORITIES IN
SUPPORT**

Judge: Hon. Edward M. Chen
Dept.: 5, 17th Floor
Date:   March 24, 2022
Time:  1:30 p.m.

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION AND MOTION ....................................................................................... 1

STATEMENT OF THE ISSUES TO BE DECIDED .................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I.    Introduction .......................................................................................................... 2

II.   Factual Background .............................................................................................. 3

III.  Argument .............................................................................................................. 3

    A.   Movants Should Be Appointed Co-Lead Plaintiffs ................................... 3

        1.   Movants' Motion Is Timely ........................................................... 3

        2.   Movants Have the Largest Financial Stake in the Relief Sought by the Class ..................................................................... 4

        3.   Movants Are Otherwise Qualified Under Rule 23 ......................... 5

    B.   The Court Should Approve Movants' Choice of Counsel ........................... 6

IV.   Conclusion ............................................................................................................ 8

i

NOTICE OF MOTION & MOTION OF DR. VINOD SODHA AND DR. AMEE SODHA FOR: (1) APPOINTMENT AS CO-LEAD PLTFS.;
AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-09767-EMC

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Ct. for N. Dist. of California.*,
 586 F.3d 703 (9th Cir. 2009) ..........................................................................................6

*Cornwell v. Credit Suisse Grp.*,
 No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011)..........................................7

*Feyko v. Yuhe Int'l Inc.*,
 No. CV 11-05511, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ...............................4

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ............................................................................2, 4, 6, 7

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001)....................................................................................7

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
 No. 13-CV-05368, 2014 WL 2604991 (N.D. Cal. June 10, 2014) .........................4

*Richardson v. TVIA, Inc.*,
 No. C 06 06304, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)...........................4

*Russo v. Finisair Corp.*,
 No. 5:CV11-01252, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011)........................5

*Westley v. Oclaro, Inc.*,
 No. C-11-2448, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) .........................5, 6

**Statutes, Rules, and Regulations**

15 U.S.C.
 §77k...................................................................................................................................3
 §77l(a)(2) ..........................................................................................................................3
 §77o....................................................................................................................................3
 §77z-1(a)(3)(A)(i) .............................................................................................................3
 §77z-1(a)(3)(A)(i)(II).......................................................................................................4
 §77z-1(a)(3)(A)-(B) ..........................................................................................................4
 §77z-1(a)(3)(B) ..........................................................................................................1, 2, 5
 §77z-1(a)(3)(B)(i).............................................................................................................4
 §77z-1(a)(3)(B)(iii) ..........................................................................................................2
 §77z-1(a)(3)(B)(iii)(I)(bb) ...............................................................................................4
 §77z-1(a)(3)(B)(iii)(I)(cc)................................................................................................5
 §77z-1(a)(3)(B)(iii)(II)(aa) ..............................................................................................6
 §77z-1(a)(3)(B)(v) .......................................................................................................2, 6

ii

Federal Rules of Civil Procedure
  Rule 23 ................................................................................................................ *passim*
  Rule 23(a) ............................................................................................................ 5
  Rule 23(a)(3) ....................................................................................................... 5

**Other Authorities**

NEWBERG ON CLASS ACTIONS (4th ed. 2008)
  §3:13 ................................................................................................................... 6

iii

**NOTICE OF MOTION AND MOTION**

TO:     ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff Movants Dr. Vinod Sodha and Dr. Amee Sodha (the "Sodhas" and/or "Movants"), by and through their undersigned counsel, hereby move this Court before the Honorable Edward M. Chen, in Courtroom 5, 17th Floor, of the U.S. District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on March 24, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard, for the entry of an order, pursuant to §27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) appointing Movants as Co-Lead Plaintiffs for the putative Class; and (2) approving Movants' selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This motion is made on the grounds that Movants timely filed this motion and are the "most adequate plaintiff[s]."  Based on the information presently available, Movants have the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff and they meet the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as their claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class.  In addition, Movants have selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.

This motion is based on this notice of motion and memorandum of points and authorities herein, the Declaration of Thomas L. Laughlin ("Laughlin Decl."), filed concurrently herewith and in support hereof, including Exhibits A-E attached thereto, the pleadings and other files and records previously entered in this action, and such other written or oral argument as may be presented to the Court.

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.      Whether the Court should appoint the Sodhas as Co-Lead Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

1

NOTICE OF MOTION & MOTION OF DR. VINOD SODHA AND DR. AMEE SODHA FOR: (1) APPOINTMENT AS CO-LEAD PLTFS.;
AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL; AND MEMO. OF POINTS & AUTHORITIES ISO
Case No. 3:21-cv-09767-EMC

2.      Whether the Court should approve the Sodha's selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Introduction**

The above-captioned case (the "Action") is a securities class action brought on behalf of all those who purchased common stock of Robinhood Markets, Inc. ("Robinhood" or the "Company") pursuant to Robinhood's initial public offering held on or around July 30, 2021 (the "IPO"). Movants Vinod and Amee Sodha are father and daughter who purchased Robinhood common stock pursuant to the IPO and suffered significant damages as a result of the misstatements alleged in the Action. Movants respectfully submit this memorandum of points and authorities in support of their motion for: (1) appointment as Co-Lead Plaintiffs pursuant to §27D of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B), as amended by the PSLRA; and (2) approval of their selection of Scott+Scott to serve as Lead Counsel for the putative Class.

The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23. 15 U.S.C. §77z-1(a)(3)(B)(iii). As demonstrated below, Movants should be appointed to serve as Co-Lead Plaintiffs for this Action because: (1) their motion for appointment is timely filed; (2) based on information presently available, they have the largest financial interest in this litigation; and (3) they are adequate and typical Class members. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Movants' selection of Scott+Scott to serve as Lead Counsel for the putative Class should be approved. *See* 15 U.S.C. §77z-1(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class.

2

## II.     Factual Background

On December 17, 2021, this putative class action was filed by Plaintiff Golubowski against Robinhood, certain of the Company's officers and directors, and the underwriters of the IPO (collectively, "Defendants").   The Action asserts claims under §§11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2), and 77o.  ¶¶1, 75, 90, 92.[1]

Robinhood held its IPO on July 30, 2021, offering 55 million shares of common stock to the public at a price of $38 per share, for anticipated proceeds of over $2 billion.  ¶3.  The Complaint alleges that the offering documents filed with the Securities and Exchange Commission in connection with the IPO contained representations that were materially inaccurate, misleading, and/or incomplete because they failed to disclose that, at the time of the IPO, Robinhood's revenue growth was experiencing a major reversal, with transaction-based revenues from cryptocurrency trading serving only as a short-term, transitory injection, masking what was actually stagnating growth.  ¶5.  In addition, the Company's "significant investments" in enhancing the reliability and scalability of its platform were patently inadequate and/or defective, exposing Robinhood to worsening service-level disruptions and security breaches, particularly as the Company scaled its services to a larger user base. *Id.*; *see also* ¶¶51-60.  As these true facts emerged after the IPO, the Company's shares fell sharply – by the commencement of this Action, Robinhood's shares traded as low as $17.08 per share, a decline of over 55% from the $38 IPO price.  ¶6; *see also* ¶¶61-66.

## III.    Argument

### A.     Movants Should Be Appointed Co-Lead Plaintiffs

#### 1.     MOVANTS' MOTION IS TIMELY

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice").  15 U.S.C. §77z-1(a)(3)(A)(i).  Following the commencement of the Action, on December 17, 2021, Counsel for Plaintiff Golubowski published notice of pendency of the

---

[1]     All "¶" and "¶¶" citations are to the Class Action Complaint filed on December 17, 2021 (ECF No. 1) (the "Complaint") and the facts set forth in the Complaint are incorporated herein by reference.

action via *GlobeNewswire*.  *See* Laughlin Decl., Ex. A.  Because the Early Notice was published within 20 days of the filing of the Action, notice was timely.  *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or February 15, 2022. 15 U.S.C. §77z-1(a)(3)(A)-(B).   Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely.  15 U.S.C. §77z-1(a)(3)(A)(i)(II).  Moreover, Movants have submitted certifications stating their willingness to serve as representative parties on behalf of the Class.  *See* Laughlin Decl., Ex. B.  Movants have also submitted a Joint Declaration demonstrating their adequacy.  *See* Laughlin Decl., Ex. C.

## 2. MOVANTS HAVE THE LARGEST FINANCIAL STAKE IN THE RELIEF SOUGHT BY THE CLASS

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph."   15 U.S.C. §77z-1(a)(3)(B)(i). Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]"  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730).  Courts generally agree that approximate losses suffered are most determinative in identifying the plaintiff with the largest financial interest in the case.  *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Movants are the class members with the largest financial interest in the relief sought in this litigation.  Movants suffered common stock

losses of nearly $1.4 million, plus additional losses in options transactions.  *See* Laughlin Decl., Ex. D.  Given that Movants have the largest financial interest in this litigation and, as discussed below, satisfy all of the PSLRA prerequisites for appointment as lead plaintiffs, they should be appointed Co-Lead Plaintiffs pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### 3.   MOVANTS ARE OTHERWISE QUALIFIED UNDER RULE 23

Pursuant to §27(a)(3)(B) of the Securities Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary."  *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'"  *Id*.  Here, Movants' claims are typical of the claims of the other members of the putative Class because, like all other Class members, they: (1) purchased Robinhood common stock during the Class Period; (2) were adversely affected by Defendants' alleged misconduct; and (3) suffered damages as a result thereof.  *See Russo v. Finisair Corp.*, No. 5:CV11-01252, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement).  Since the claims asserted by Movants are based on the same legal theories and arise "from the same event or practice

or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, movants are adequate class representatives when they possess common interests and an absence of conflict with fellow class members and movant's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). Movants satisfy the "adequacy" requirement in the instant litigation because their interests are clearly aligned with the interests of the putative Class. Moreover, Movants, like all other members of the Class, suffered losses as a result of purchasing Robinhood common stock pursuant to the IPO. Movants, therefore, will benefit from the same relief as other Class members. In short, there is absolutely no evidence of antagonism between Movants and the putative Class.

Movants have also demonstrated that they are adequate representatives in this matter by retaining competent and experienced counsel. As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Finally, Movants have submitted a Joint Declaration evidencing their adequacy, including their preexisting relationship as father and daughter. *See* Laughlin Decl., Ex. C. Accordingly, Movants have made a *prima facie* showing that they satisfy all of the requirements of Rule 23 for the purposes of this motion.

## B.     The Court Should Approve Movants' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35. As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.")

1   (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733

2   n.12.

3     Movants have selected the law firm of Scott+Scott to represent the Class.  Scott+Scott has

4   substantial experience in the prosecution of securities fraud class actions and possesses the

5   necessary resources to efficiently conduct this litigation.  *See* Laughlin Decl., Ex. E.  Specifically,

6   Scott+Scott has served as Lead or Co-Lead counsel in many high-profile class actions and

7   recovered hundreds of millions of dollars for victims of corporate fraud.[2]

8     Scott+Scott's efforts have not gone unnoticed by the courts.  For instance, in *Cornwell v.*

9   *Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case

10  in which Scott+Scott served as Lead counsel and recovered $70 million for the class, the Court

11  stated:

12    Lead Plaintiff' counsel demonstrated that notwithstanding the barriers erected by
  the PSLRA, they would develop evidence to support a convincing case.  Based

13    upon Lead Plaintiff' counsel's diligent efforts on behalf of the Settlement Class, as
  well as his skill and reputations, Lead Plaintiff' counsel were able to negotiate a

14    very favorable result for the Settlement Class.  Lead Plaintiff' counsel are among
  the most experienced and skilled practitioners in the securities litigation field, and

15    have unparalleled experience and capabilities as preeminent class action specialists.
  (*Id.*)

16    Scott+Scott currently serves as court-appointed Lead or Co-Lead counsel in various federal

17  securities class actions, including:  *Marechal v. Acadia Pharmaceuticals Inc.*, No. 3:21-cv-762

18  (S.D. Cal.); *Jochims v. Oatly Group AB*, No. 21-cv-6360 (S.D.N.Y.); *Gupta v. Athenex, Inc.*,  No.

19  21-cv-00337 (W.D.N.Y.); *Garnett v. Wang [RLX Technology, Inc.]*, No. 21-cv-05125 (S.D.N.Y.),

20

21    [2]   Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re
SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Mustafin v. GreenSky,*

22  *Inc.*, No. 1:18-cv-11071 (S.D.N.Y.) ($27.5 million settlement); *In re Evoqua Water Techs. Corp.
Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.) ($14.5 million settlement); *Weston v. RCS Capital*

23  *Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the
City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re*

24  *Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel,
Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-

25  00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson
Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine*

26  *v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re
(Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed*

27  *Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No.
4:14-cv-00548 (S.D. Tex.) ($22.5 million).

28

                           7

1  *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics, Inc.*, No. 8:19-

2  cv-02713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v.*

3  *ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent,*

4  *Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-

5  02005 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v.*

6  *Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

7          In light of the foregoing, the Court should approve Movants' selection of Scott+Scott as

8  Lead Counsel.  The Court can be assured that by approving Movants' choice of counsel, the

9  putative Class will receive the highest caliber of representation.

10  **IV.      Conclusion**

11          For the foregoing reasons, Movants respectfully request that the Court appoint them as Co-

12  Lead Plaintiffs, and approve their selection of Scott+Scott to serve as Lead Counsel.

13  Dated: February 15, 2022                     **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

14                                                  *s/ Thomas L. Laughlin*

15                                              Thomas L. Laughlin, IV (admitted *pro hac vice*)
                                                Rhiana Swartz (*pro hac vice* forthcoming)

16                                              Jonathan M. Zimmerman (*pro hac vice* forthcoming)
                                                The Helmsley Building

17                                              230 Park Avenue, 17th Floor
                                                New York, NY 10169

18                                              Telephone: 212-233-6444
                                                Facsimile:  212-233-6334

19                                              tlaughlin@scott-scott.com

20                                              rswartz@scott-scott.com
                                                jzimmerman@scott-scott.com

21

22                                              **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                                John T. Jasnoch (CA 281605)

23                                              Hal Cunningham (CA 243048)
                                                600 W. Broadway, Suite 3300

24                                              San Diego, CA 92101
                                                Telephone: 619-233-4565

25                                              Facsimile:  619-233-0508

26                                              jjasnoch@scott-scott.com
                                                hcunningham@scott-scott.com

27

28                                                       8

1

*Counsel for Lead Plaintiff Movants Dr. Vinod Sodha and Dr. Amee Sodha and Proposed Lead Counsel for the Class*

2

**THE SCHALL LAW FIRM**

3

Brian J. Schall

4

2049 Century Park East, Suite 2460
Los Angeles, CA 90067

5

Telephone: 310-301-3335
Facsimile:  310-388-0192

6

brian@schallfirm.com

7

*Additional Counsel for Lead Plaintiff Movants Dr. Vinod Sodha and Dr. Amee Sodha*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2022, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on February 15, 2022, at San Diego, California.

             _s/ *Thomas L. Laughlin*_____
             Thomas L. Laughlin (admitted *pro hac vice)*

10