Thomas L. Laughlin, IV (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: (212) 223-6444
tlaughlin@scott-scott.com

*Attorneys for Lead Plaintiff Movants Dr. Vinod Sodha and*
*Dr. Amee Sodha and Proposed Lead Counsel for the Class*

[Additional Counsel on Signature Page.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP GOLUBOWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>ROBINHOOD MARKETS, INC., VLADIMIR TENEV, JASON WARNICK, BAIJU BHATT, JAN HAMMER, PAULA LOOP, JONATHAN RUBENSTEIN, SCOTT SANDELL, ROBERT ZOELLICK, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., WELLS FARGO SECURITIES, LLC, MIZUHO SECURITIES USA LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., PIPER SANDLER & CO., ROSENBLATT SECURITIES INC., BMO CAPITAL MARKETS CORP., BTIG, LLC, SANTANDER INVESTMENT SECURITIES INC., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SAMUEL A. RAMIREZ & COMPANY, INC., and SIEBERT WILLIAMS SHANK & CO., LLC,<br><br>                    Defendants. | Case No. 3:21-cv-09767-EMC<br><br>**OPPOSITION BY DR. VINOD SODHA AND DR. AMEE SODHA TO COMPETING MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Judge: Hon. Edward M. Chen<br>Dept.: 5, 17th Floor<br>Date:   March 24, 2022<br>Time: 1:30 p.m. |

1

**SUMMARY OF ARGUMENT**

2       Presently before the Court are two competing motions for appointment as lead plaintiff and

3 approval of lead counsel.[1]  Under the PSLRA, the Court "shall" select as lead plaintiff the movant

4 with the largest financial interest, but only if that movant is otherwise adequate and typical within

5 the meaning of Rule 23.  *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).  Dr. Vinod Sodha and Dr. Amee

6 Sodha ("Movant" or the "Sodhas") (ECF No. 45) should be appointed to lead this case because

7 they have the largest financial interest of any movant by far, and they are both adequate and typical.

8 Dr. Vinod Sodha alone lost nearly $1.3 million and his daughter Dr. Amee Sodha lost over

9 $104,000.  All other movants lost significantly less.

10       The Sodhas' claims are typical of other Class members and they have shown that they can

11 fairly and adequately represent the interests of the Class.  In addition, the Sodhas' selection of

12 Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel should be approved because

13 Scott+Scott has substantial expertise in securities class action litigation and the experience and

14 resources to prosecute this action efficiently and effectively.

15

**ARGUMENT**

16 **I.**     **THE PSLRA'S STRAIGHTFORWARD LEADERSHIP TEST**

17       The movant with the largest loss is the presumptive lead plaintiff and must be appointed

18 lead plaintiff if the movant is otherwise adequate and typical.  *In re Cavanaugh*, 306 F.3d 726, 730

19 (9th Cir. 2002).  The Ninth Circuit has described the PSLRA's lead plaintiff framework as a

20 "simple [] process" that "provides in categorical terms that the ***only*** basis on which a court may

21 compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy."

22 *Id*. at 729, 732 (emphasis in original).  Accordingly, "[o]nce it determines which [movant] has the

23 biggest stake, the court must appoint that [movant] as lead, unless it finds that he does not satisfy

24

---

25 [1]     Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Sodhas' motion.  *See* ECF No. 45.  Four competing motions were filed by:

26 Felix Maechler ("Maechler") (ECF No. 32); Leroy Doug Altman ("Altman") (ECF No. 37); Josh Raborn ("Raborn") (ECF No. 40); and Haim Ronan and Igor Tanas ("Ronan & Tanas") (ECF No.

27 44).  Notices of non-opposition have been filed by three of the original movants, Maechler, Altman, and Raborn.  ECF Nos. 52-53 & 55.

28

1

the typicality or adequacy requirements." *Id*. at 732. In this case, there is no question that the Sodhas have the largest financial interest.

## II.    THE SODHAS HAVE THE LARGEST LOSS OF ANY MOVANT

In assessing movants' respective financial interest, courts principally consider the movants' alleged losses. *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016) (citing *In re Diamond Foods, Inc., Secs. Litig.*, 281 F.R.D. 405, 408 (N.D. Cal. 2012)). As reflected in the following chart of losses asserted by the movants, the Sodhas claim the largest financial interest in this case by far, and Dr. Vinod Sodha alone lost far more than any other movant or individual investor.

| Movant | Loss |
|---|---|
| **The Sodhas** | **$1,398,214** |
| **Dr. Vidod Sodha** | $1,293,978 |
| **Dr. Amee Sodha** | $104,236 |
| | |
| Haim Ronan and Igor Tanas[2] | **$156,773** |
| Haim Ronan | $98,939 |
| Igor Tanas | $57,835 |
| | |
| *Leroy Doug Altman* | *$189,000 [non-opp]* |
| *Felix Maechler* | *$73,356 [non-opp]* |
| *Josh Raborn* | *$20,865 [non-opp]* |

*See* ECF Nos. 45-5, 47-1, 33-3, 37-3, and 41-3.

## III.    THE SODHAS ARE OTHERWISE ADEQUATE AND TYPICAL

Because the Sodhas indisputably have the largest financial interest in this case, they must be appointed as lead plaintiffs unless the Court is presented with evidence showing that they are not adequate and typical. *Cavanaugh*, 306 F.3d at 730. Here, no such evidence exists. The Sodhas

---

[2]    The loss suffered by the only other remaining movant, Ronan & Tanas, is just 11% of the Sodhas's loss. Moreover, Ronan & Tanas' losses should not even be considered in aggregate because they are an unrelated group of investors. *See, e.g., Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 2018 WL 6182753, at *3 (N.D. Cal. Nov. 27, 2018).

1    are typical of the putative Class.  Like all members of the putative Class, they have claims that

2    arise from the misrepresentations and omissions alleged in the Complaint.  *See, e.g.*, *Russo v.*

3    *Finisar Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011).  With

4    respect to adequacy, the Sodhas have no known conflicts of interest with the Class.  *See, e.g.*,

5    *Scheller v. Nutanix, Inc.*, No. 19-CV-01651-WHO, 2021 WL 2410832, at *8 (N.D. Cal. June 10,

6    2021).  As father and daughter, and as physicians and sophisticated investors, they have a

7    relationship that precedes this litigation, and they can communicate effectively and work together

8    for the benefit of the Class.  *See* ECF No. 45-4.

9         The Sodhas have also demonstrated that they are adequate representatives by retaining

10   competent and experienced counsel.  Scott+Scott is an international law firm that specializes in

11   securities class action cases throughout the country and has significant resources to litigate this

12   complex case.  Scott+Scott consists of over 110 team members, including 70 highly experienced

13   attorneys and a California office.  Scott+Scott also includes a team of paralegals, legal assistants,

14   and other support staff including in-house investigators and an e-discovery litigation support

15   group.

16        Scott+Scott has a long track record of successfully litigating securities class actions in this

17   District and other state and federal courts across the country.  In 2019, acting as sole lead counsel,

18   Scott+Scott settled a case in this District for $50 million.  *In re SanDisk LLC Securities Litigation*,

19   No. 3:15-cv-01455 (N.D. Cal.).  In addition, Scott+Scott has litigated, and continues to litigate,

20   many other securities class actions across the country.  *See* ECF Nos. 45 at 7-8 and 45-6.

21   Scott+Scott's resources and experience will well serve the putative Class.

22                                        **<u>CONCLUSION</u>**

23        For the foregoing reasons and the reasons set forth in its opening brief, the Sodhas

24   respectfully request that the Court appoint them as Co-Lead Plaintiffs, approve their selection of

25   Scott+Scott to serve as Lead Counsel, and deny all competing motions.

26

27

28

                                            3

1    Dated:  March 1, 2022

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT+SCOTT ATTORNEYS AT LAW LLP

 s/ Thomas L. Laughlin
Thomas L. Laughlin, IV (admitted *pro hac vice*)
Rhiana Swartz (*pro hac vice* forthcoming)
Jonathan M. Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile:  212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

SCOTT+SCOTT ATTORNEYS AT LAW LLP
John T. Jasnoch (CA 281605)
Hal Cunningham (CA 243048)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com
hcunningham@scott-scott.com

*Counsel for Lead Plaintiff Movants Dr. Vinod Sodha
and Dr. Amee Sodha and Proposed Lead Counsel for
the Class*

THE SCHALL LAW FIRM
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movants Dr.
Vinod Sodha and Dr. Amee Sodha*

4

1

## **CERTIFICATE OF SERVICE**

2

    I hereby certify that on March 1, 2022, I caused the foregoing document to be filed with

3

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

4

email addresses denoted on the Electronic Mail Notice List.

5

    Executed on March 1, 2022, at New York, New York.

6

7

      s/ *Thomas L. Laughlin*
      Thomas L. Laughlin (admitted *pro hac vice*)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION BY DR. VINOD SODHA AND DR. AMEE SODHA TO COMPETING MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND LEAD COUNSEL
Case No. 3:21-cv-09767-EMC