POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants*
*Haim Ronan and Igor Tanas and Proposed*
*Lead Counsel for the Class*

(*additional counsel on signature page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP GOLUBOWSKI Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC., *et al.*,<br><br>Defendants. | Case No.: 3:21-cv-09767-EMC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF HAIM RONAN AND IGOR TANAS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION<br><br><u>CLASS ACTION</u><br><br>Date:  March 24, 2022<br>Time:  1:30 p.m.<br>Judge:  Hon. Edward M. Chen<br>Courtroom:  5 – 17th Floor |

1  Lead Plaintiff Movants Ronan and Tanas[1] respectfully submit this memorandum of points

2  and authorities in further support of their motion for appointment as Lead Plaintiff and approval

3  of Lead Counsel in this Action (Dkt. No. 45); and in opposition to the competing motions of (i)

4  Vinod Sodha and Amee Sodha (collectively, the "Sodhas") (Dkt. No. 45) and (ii) Josh Raborn

5  ("Raborn") (Dkt. No. 40).[2]

6  **I.      PRELIMINARY STATEMENT**

7        The PSLRA instructs the Court to appoint as Lead Plaintiff the movant or group of

8  movants with the greatest financial interest in the outcome of the litigation; **and** who satisfies the

9  adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.   15

10  U.S.C. §78u-4(a)(3)(B)(iii)(I).

11        Here, those movants are Ronan and Tanas, a cohesive duo of investors who incurred losses

12  of approximately $156,773 on their purchases of Robinhood common stock as a result of the

13  malfeasance alleged in this action.  The table below sets forth the losses of Ronan and Tanas as

14  compared to the two competing movants:

15

| Movant | Loss |
|---|---|
| Ronan and Tanas | $156,773 |
| Raborn | $20,867 |
| ~~The Sodhas~~ | ~~$1,398,252~~ |

18        As the table reflects, Ronan and Tanas's loss of $156,773 is more than seven-and-a-half

19  times the size of the $20,867 loss incurred by Raborn, the only other eligible movant.  Although

20  one competing movant duo, the Sodhas, have alleged a larger loss than Ronan and Tanas, the

21  Sodhas are ineligible for appointment as Lead Plaintiff in this litigation because they are atypical

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in Ronan and Tanas's moving brief.  *See* Dkt. No. 45.

[2] Initially two other putative class members filed similar competing motions: (i) Felix Maechler (Dkt. No. 32); (ii) Leroy Doug Altman (Dkt. No. 37).  Messrs. Maechler and Altman both subsequently filed notices stating their non-opposition to the competing motions.  *See* Dkt. Nos. 52, 53.

under Rule 23, as discussed in detail below.  Accordingly, Ronan and Tanas possess the largest financial interest of any eligible movant within the meaning of the PSLRA.

In addition to their significant financial interest, Ronan and Tanas also satisfy the adequacy and typicality requirements of Rule 23.  Ronan and Tanas, like all members of the Class, purchased Robinhood stock pursuant and/or traceable to the Company's IPO, at prices artificially inflated by Defendants' misrepresentations and omissions.  Ronan and Tanas, like all members of the Class, were damaged as the truth about the Company's business and operations came to light.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the requirements of Rule 23.  *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007).

In stark contrast, the Sodhas, the only competing movants alleging a larger loss than Ronan and Tanas, are atypical for reasons related to their significant and staggering options investments, including short sales of call options, and as such are ineligible for appointment as Lead Plaintiffs irrespective of their financial interest in this litigation.

Specifically, the Sodhas are atypical because of their frequent transactions in Robinhood options.  Courts generally decline to appoint options investors as lead plaintiffs in PSLRA actions, finding them to be atypical class representatives.  *See*, *e.g.*, *Di Scala v. ProShares Ultra Bloomberg Crude Oil*, 20 Civ. 5865, 2020 U.S. Dist. LEXIS 242969, at *10-11 (S.D.N.Y. Dec. 28, 2020); *Cook v. Allergan PLC*, 18 Civ. 12089 (CM), 2019 U.S. Dist. LEXIS 51962, at *7 (S.D.N.Y. Mar. 21, 2019); *Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB), 2018 U.S. Dist. LEXIS 41120, at *23-24 (S.D.N.Y. Mar. 13, 2018).  *See also In re Apple Secs. Litig.*, 4:19-cv-2033-YGR, 2022 U.S. Dist. LEXIS 23771, at *36 (N.D. Cal. Feb. 4, 2022) (denying motion to certify class of option investors, because "given the varying characteristics of the 2,282 distinct Apple stock options that were available for trading", "damages to Apple stockholders are capable

of being calculated on a classwide basis, [but] the same cannot be said with respect to Apple option holders.")

Accordingly, for the reasons set forth herein, Ronan and Tanas respectfully submit that their motion should be granted in its entirety, and that the competing motion of the Sodhas should be denied.

## II.    ARGUMENT

### A.    RONAN AND TANAS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23.  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005).  Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Here, the most adequate class representatives are Ronan and Tanas.

#### 1.    Ronan and Tanas Have the Largest Financial Interest in the Relief Sought by the Class of Any Eligible Movant

The PSLRA requires the court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS 29876, at *18; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at *10-*11 (N.D. Cal. Jan. 9, 2012); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).

1  Under the foregoing analysis, no movant eligible for appointment as Lead Plaintiff in the

2  Action has a larger financial interest than Ronan and Tanas.  As the chart at p. 1 reflects, Ronan

3  and Tanas's loss of $156,733 is more than seven-and-a-half times the $20,867 loss incurred by

4  Raborn, the only other movant eligible for appointment.  Although one other movant duo, the

5  Sodhas, have alleged a larger loss than Ronan and Tanas, the Sodhas' extensive options trading

6  renders them atypical and subject to unique defenses, thereby disqualifying them from

7  consideration, as discussed *infra* at Section B.

8  ## 2.      Ronan and Tanas Satisfy the Requirements of Rule 23

9  Ronan and Tanas also readily satisfy the typicality and adequacy requirements of Rule 23.

10  In appointing a lead plaintiff, the Court must determine whether the movant has made a *prima*

11  *facie* showing of typicality and adequacy.  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D.

12  Cal. 2005).  The burden at this stage is relatively light.  *Romero v. Growlife, Inc.*, 2:14-CV-03015-

13  CAS, 2014 WL 3734543, at *3 (C.D. Cal. July 23, 2014).

14  Ronan and Tanas easily satisfy the typicality requirement of Rule 23.  Ronan and Tanas's

15  claims are typical of those of other Class members because, like other Class members, Ronan and

16  Tanas purchased Robinhood stock in connection with Robinhood's IPO and were harmed by the

17  misrepresentations and/or omissions that form the basis of the malfeasance alleged in the Action.

18  Ronan and Tanas's claims are based on the same legal theory and arise from the same events and

19  course of conduct as the Class' claims.  *See*, *e.g.*, *Apple v. LJ Intl. Inc.*, CV076076GAFJWJX,

20  2008 WL 11343371, at *5 (C.D. Cal. Feb. 8, 2008).

21  Ronan and Tanas have also demonstrated their adequacy to serve as Lead Plaintiffs in this

22  Action.  As set forth *supra*, Ronan and Tanas have a significant financial interest in this Action,

23  which will ensure their vigorous and adequate prosecution of the Class's claims.  *Tanne,* 226

24  F.R.D.at 666 (investors with a significant financial interest "will, more often than not, satisfy the

25  typicality and adequacy requirements").  Ronan and Tanas have no conflicts with other Class

26  members.  To the contrary, Ronan and Tanas's interests are perfectly aligned with the Class's

interests of maximizing a recovery for the Class.  Finally, Ronan and Tanas have demonstrated their adequacy by selecting qualified counsel, Pomerantz, with substantial experience litigating securities class actions.  *See Lechner v. InfuSystem Holdings, Inc*., 216CV08295ODWAGRX, 2017 WL 5640523, at *4 (C.D. Cal. Feb. 17, 2017).

* * * * *

Possessing the largest financial interest in this litigation of any eligible movants and satisfying the typicality and adequacy requirements of Rule 23, Ronan and Tanas are entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiffs"—that is, the presumptive Lead Plaintiffs—in this litigation. *McCracken v. Edwards Lifesciences Corp*., 813CV1463JLSRNBX, 2014 WL 12694135, at *4 (C.D. Cal. Jan. 8, 2014).

To overcome the strong presumption entitling Ronan and Tanas to appointment as Lead Plaintiffs, the PSLRA requires "***proof***" that the presumptive Lead Plaintiffs are inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists with respect to Ronan and Tanas and any suggestions to the contrary should be rejected as mere speculation.

### B.   THE SODHAS' UNORTHODOX OPTIONS TRANSACTIONS MAKE THEM ATYPICAL CLASS REPRESENTATIVES

Although the Sodhas have alleged a loss of approximately $1.4 million in connection with purchases of common stock incurred as a result of the Defendants' alleged malfeasance, the Sodhas cannot trigger the "most adequate plaintiff" presumption because their strikingly high volume of exotic options trading renders them atypical of the Class in this litigation—which, again, consists of investors in Robinhood ***common stock***—and thereby mandates denial of their motion, irrespective of their financial interest.  Courts generally decline to appoint options investors as lead plaintiffs in PSLRA actions.  *See, e.g., Di Scala*, 2020 U.S. Dist. LEXIS 242969, at *10-11 (denying motion by options investor, finding that "factual issues unique to [the movant] 'would likely threaten to become the focus of the litigation'") (quoting *Andrada v. Atherogenics, Inc.*, No. 05 Civ. 00061, 2005 U.S. Dist. LEXIS 6777, at *14 (S.D.N.Y. Apr. 19, 2005)); *Allergan*,

2019 U.S. Dist. LEXIS 51962, at *7 ("[t]he appointment of [an options investor] as lead plaintiff very likely 'would introduce factual issues irrelevant to stockholder class members, like strike price, duration, maturity, volatility, and interest rates, and he could subject the class to unique defenses, causing unnecessary conflict.'") (quoting *In re Elan Corp. Sec. Litig.*, No. 08 Civ. 08761 (AKH), 2009 U.S. Dist. LEXIS 39859, at *6 (S.D.N.Y. May 11, 2009)); *Ophthotech*, 2018 U.S. Dist. LEXIS 41120, at *23-24 (same); *Jurkowski v. MolyCorp, Inc.*, No. 13 Civ. 5697 (PAC), 2014 U.S. Dist. LEXIS 200771, at *8 (S.D.N.Y. Apr. 2, 2014) (same). *See also Apple*, 2022 U.S. Dist. LEXIS 23771, at *36 (denying motion to certify class of option investors, because "given the varying characteristics of the 2,282 distinct Apple stock options that were available for trading", "damages to Apple stockholders are capable of being calculated on a classwide basis, [but] the same cannot be said with respect to Apple option holders.").

Here, separate and apart from their investments in Robinhood common stock, the Sodhas were also involved in a staggering volume of options trading, which included placing counter-market bets on the short-term movements in Robinhood's share price. Specifically, the damages analysis submitted with their motion papers indicates that they were short-selling call option contracts—that is, selling other investors the right to buy Robinhood shares from the Sodhas at pre-agreed prices ("strike prices") that were higher than Robinhood's share price at the time that the Sodhas sold these options. Each time the Sodhas sold such a call option contract, they were effectively betting that Robinhood's share price would ***not*** rise past the strike price(s) in question. In other words, each of these transactions represented a bearish (*i.e.*, pessimistic) trade by the Sodhas. This type of unorthodox options investment strategy is clearly well beyond the contemplation of typical Class members—who, by contrast, would have merely invested in Robinhood ***common stock*** in the simple expectation that its value would increase. *See*, *e.g.*, *In re Critical Path*, 156 F. Supp. 2d 1102, 1110 (N.D. Cal. 2001) ("[s]hort sales raise the question of whether the seller was actually relying on the market price, and the class is not served by its representative coming under such scrutiny."; *Isaacs v. Musk*, Nos. 18-cv-04865-EMC *et al.*, 2018

MEMORANDUM OF POINTS AND AUTHORITIES: (1)
IN FURTHER SUPPORT OF MOTION OF HAIM RONAN AND IGOR TANAS FOR APPOINTMENT AS LEAD
PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS
- 3:21-cv-09767-EMC

U.S. Dist. LEXIS 200717, at *12-*13 (N.D. Cal. Nov. 27, 2018) ("[T]he Court has concerns regarding the adequacy or typicality of [movant] because it is a short seller[.]"); *Weisz v. Calpine Corp.*, No. C 02-1200 SBA, 2002 U.S. Dist. LEXIS 27831, at *28 (N.D. Cal. Aug. 15, 2002) (finding movant to be "disqualified from serving as a lead plaintiff by virtue of the fact that he admittedly sold Calpine stock 'short' during the Class Period."); *Marcus v. J.C. Penney Co.*, No. 6:13-CV-736, 2014 U.S. Dist. LEXIS 197529, at *20-*21 (E.D. Tex. Feb. 28, 2014) (finding short selling to be an "atypical trading practice" and holding short seller to be "subject to unique defenses and flaws that render him inadequate to serve as lead plaintiff").

Nor were the foregoing transactions isolated occurrences.  Rather, the Sodhas' counter-market bets against Robinhood accounted for tens of millions of dollars in market activity, dwarfing the $1.4 million that the Sodhas incurred in connection with their common stock investments.  *See generally* Dkt. No. 45-5.  Indeed, of the 27-page damages analysis that the Sodhas submitted with their motion, a mere eight pages reflected common stock transactions, with the remaining 19 pages devoted to the Sodhas' options transactions.  *See generally* Dkt. No. 45-5.

## III.   CONCLUSION

For the foregoing reasons and for the reasons set forth in their moving brief (Dkt. No. 45), Ronan and Tanas respectfully request that the Court grant their motion in full and deny the competing motions.

Dated:  March 1, 2022                    Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone:  (310) 405-7190
jpafiti@pomlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice application forthcoming*)
J. Alexander Hood II
(*pro hac vice application forthcoming*)
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Lead Plaintiff Movants Haim Ronan and Igor Tanas and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Movant Igor Tanas*

MEMORANDUM OF POINTS AND AUTHORITIES: (1)
IN FURTHER SUPPORT OF MOTION OF HAIM RONAN AND IGOR TANAS FOR APPOINTMENT AS LEAD
PLAINTIFFS AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS
- 3:21-cv-09767-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I hereby certify that on March 1, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti