1  Thomas L. Laughlin, IV (admitted *pro hac vice*)
   **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
2  The Helmsley Building
   230 Park Avenue, 17th Floor
3  New York, NY  10169
   Telephone: (212) 223-6444
4  tlaughlin@scott-scott.com

5  *Attorneys for Lead Plaintiff Movants Dr. Vinod Sodha and
   Dr. Amee Sodha and Proposed Lead Counsel for the Class*
6

7  [Additional Counsel on Signature Page.]

8  **UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP GOLUBOWSKI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD MARKETS, INC., VLADIMIR TENEV, JASON WARNICK, BAIJU BHATT, JAN HAMMER, PAULA LOOP, JONATHAN RUBENSTEIN, SCOTT SANDELL, ROBERT ZOELLICK, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BARCLAYS CAPITAL INC., WELLS FARGO SECURITIES, LLC, MIZUHO SECURITIES USA LLC, JMP SECURITIES LLC, KEYBANC CAPITAL MARKETS INC., PIPER SANDLER & CO., ROSENBLATT SECURITIES INC., BMO CAPITAL MARKETS CORP., BTIG, LLC, SANTANDER INVESTMENT SECURITIES INC., ACADEMY SECURITIES, INC., LOOP CAPITAL MARKETS LLC, SAMUEL A. RAMIREZ & COMPANY, INC., and SIEBERT WILLIAMS SHANK & CO., LLC,<br><br>Defendants. | Case No. 3:21-cv-09767-EMC<br><br>**REPLY BY DR. VINOD SODHA AND DR. AMEE SODHA IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br><br>Judge: Hon. Edward M. Chen<br>Dept.: 5, 17th Floor<br>Date: March 24, 2022<br>Time: 1:30 p.m. |

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 2

    I.    THE SODHAS' $1.4 MILLION INTEREST IN THIS CASE IS BASED ONLY ON COMMON STOCK TRANSACTIONS AND THEIR FINANCIAL INTEREST IN THIS CASE IS FAR LARGER THAN RONAN & TANAS' BY ANY MEASURE ............................................. 2

    II.    THE SODHAS' ADDITIONAL OPTIONS LOSSES ARE NOT A BASIS TO REBUT THE STATUTORY LEAD PLAINTIFF PRESUMPTION ............................................................................................... 3

CONCLUSION .................................................................................................................... 8

i

REPLY BY DR. VINOD SODHA AND DR. AMEE SODHA IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL
Case No. 3:21-cv-09767-EMC

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrada v. Atherogenics, Inc.*,
   No. 05 Civ.00061, 2005 WL 912359 (S.D.N.Y. Apr. 19, 2005) ..........................................7

*Chauhan v. Intercept Pharms.*,
   No. 21-CV-00036, 2021 WL 235890 (S.D.N.Y. Jan. 25, 2021) .........................................5, 7

*Cook v. Allergn PLC*,
   No. 18 CIV. 12089, 2019 WL 1510894 (S.D.N.Y. Mar. 21, 2019) ........................................7

*Di Scala v. ProShares Ultra Bloomberg Crude Oil*,
   No. 20 CIV. 5865, 2020 WL 7698321 (S.D.N.Y. Dec. 28, 2020) ..........................................7

*Goldstein v. Puda Coal, Inc.*,
   827 F. Supp. 2d 348 (S.D.N.Y. 2011) ...................................................................................6

*In re Apple Inc. Sec. Litig.*,
   No. 4:19-CV-2033-YGR, 2022 WL 354785 (N.D. Cal. Feb. 4, 2022) ..................................7

*In re Cavanaugh*
   306 F.3d 726 (9th Cir. 2002) ....................................................................................... 1, 2, 3

*In re Donnkenny Inc. Sec. Litig.*,
   171 F.R.D. 156 (S.D.N.Y. 1997) ...........................................................................................6

*In re Imax Sec. Litig.*,
   No. 06 CIV.6128, 2011 WL 1487090 (S.D.N.Y. Apr. 15, 2011) ..........................................6

*In re Initial Pub. Offering Sec. Litig.*,
   227 F.R.D. 65 (S.D.N.Y. 2004) .............................................................................................6

*In re Network Assocs., Inc. Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999) ..................................................................................3

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................................2

*Isaacs v. Musk*,
   No. 18-CV-04865-EMC, 2018 WL 6182753 (N.D. Cal. Nov. 27, 2018) ....................3, 4, 5, 6

*Jurkowski v. Molycorp, Inc.*,
   No. 13 CIV. 5697, 2014 WL 12792750 (S.D.N.Y. Apr. 2, 2014) ..........................................7

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................2

*Luongo v. Desktop Metal, Inc.*,
   No. 21-cv-12099 (D. Mass.) ..................................................................................................6

ii

REPLY BY DR. VINOD SODHA AND DR. AMEE SODHA IN FURTHER SUPPORT OF THEIR
MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF
SELECTION OF LEAD COUNSEL
Case No. 3:21-cv-09767-EMC

*Maltagliati v. Meta Materials Inc.*,
    No. 21-cv-07203 (E.D.N.Y) ....................................................................................................6

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-1758, 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ............................................7

*Rodriguez v. DraftKings Inc.*,
    No. 21 CIV. 5739, 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ..........................................6

*Woburn Ret. Sys. v. Salix Pharm., Ltd.*,
    No. 14-CV-8925, 2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ...........................................6

*Xu v. FibroGen, Inc.*,
    No. 21-CV-02623-EMC, 2021 WL 3861454 (N.D. Cal. Aug. 30, 2021) ........................ 2, 3, 4

**Statutes, Rules & Regulations**

15 U.S.C.
    §77z-1(a)(3)(B)(iii) .................................................................................................................3
    §77z-1(a)(3)(B)(iii)(I)(bb) .......................................................................................................1

Federal Rules of Civil Procedure
    Rule 23 ..................................................................................................................................1, 4

**SUMMARY OF ARGUMENT**

The PSLRA and the Ninth Circuit have set a straightforward test for determining the most "appropriate" movant for appointment as lead plaintiff of a securities class action. First, the Court must determine which movant has the largest financial interest; and second, the Court appoints that movant as long as it is otherwise adequate and typical within the meaning of Rule 23. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Under this test, there is no question Vinod and Amee Sodha should be appointed as lead plaintiffs. This case is brought on behalf of those who purchased Robinhood common stock issued in connection with the Company's IPO. ¶68. ***The Sodhas lost $1.4 million on their common stock transactions***.[1] This was the largest loss suffered by any movant by far – and is nearly tenfold the loss alleged by Ronan & Tanas, a group of two unrelated investors who are the only movants who did not withdraw in light of the Sodhas' clearly larger losses.

There is no dispute that the Sodhas are the presumptive lead plaintiff. However, Ronan & Tanas attempt to rebut the presumption by arguing that the Sodhas are "atypical" because, ***in addition to*** their $1.4 million claimed common stock losses, they also traded and lost money in Robinhood options. This argument is baseless. The fact that a presumptive lead plaintiff in a case related to the purchase of common stock also traded in options is not a basis to challenge his or her typicality.[2] To the contrary, it is widely recognized that movants can engage in a wide variety of trading strategies and still be typical. Indeed, courts, including this Court, regularly appoint lead plaintiff movants who have traded in options.

Ronan & Tanas have not cited any decisions holding that a presumptive lead plaintiff is atypical merely because he also traded in options and no such decisions exist to counsel's knowledge. The decisions Ronan & Tanas cite as the basis for their opposition relate to the

---

[1] Unless otherwise defined herein, all capitalized terms shall maintain the same meaning as those set forth in the Sodhas' Motion. ECF No. 45.

[2] Options are derivative securities that are tied to the price of Robinhood common stock. The Sodhas lost approximately $399,000 on their options transactions but that loss is not at issue in this case, which concerns investments in common stock, and is not claimed as part of the Sodhas' $1.4 million total loss. *See* ECF No. 45-5.

1
REPLY BY DR. VINOD SODHA AND DR. AMEE SODHA IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL
Case No. 3:21-cv-09767-EMC

factually distinguishable situation where a lead plaintiff is rejected because it is seeking to lead a common stock case, but all or almost all of the movant's claimed losses relate to options trades. These decisions have no bearing here because the Sodhas are not asserting any of their options losses as the basis for being presumptive lead plaintiffs; the Sodhas have a pure $1.4 million stock loss.

Accordingly, the Court should grant the Sodhas' lead plaintiff motion.

## ARGUMENT

### I. THE SODHAS' $1.4 MILLION INTEREST IN THIS CASE IS BASED ONLY ON COMMON STOCK TRANSACTIONS AND THEIR FINANCIAL INTEREST IN THIS CASE IS FAR LARGER THAN RONAN & TANAS' BY ANY MEASURE

The movant with the largest loss is the presumptive lead plaintiff and must be appointed if the movant is otherwise adequate and typical. *In re Cavanaugh*, 306 F.3d at 730. There is no dispute that the Sodhas have the largest financial interest in this case. This case is brought on behalf of those who "purchased, or otherwise acquired, Robinhood ***common stock*** issued in connection with the Company's IPO." ¶68. On its face, the complaint does not cover damages suffered on Robinhood options investments. For this reason, the Sodhas did not include their options losses as part of their total loss of $1.4 million. Rather, the Sodhas included their options transactions to be fully transparent as to their trading history in all Robinhood securities.

The Sodhas' common stock transactions alone resulted in a loss of $1.4 million, nearly tenfold greater than Ronan & Tanas' aggregate interest. This Court has recognized that "[t]o evaluate approximate economic losses, courts frequently weigh four factors that were first introduced in *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)." *Xu v. FibroGen, Inc.*, No. 21-CV-02623-EMC, 2021 WL 3861454, at *4 (N.D. Cal. Aug. 30, 2021) (citation omitted). "Under the Lax-Olsten test, courts consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered

2

REPLY BY DR. VINOD SODHA AND DR. AMEE SODHA IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL
Case No. 3:21-cv-09767-EMC

during the class period." *Id.* As demonstrated by the chart below, the Sodhas' interest far exceeds Ronan & Tanas' aggregate loss by every measure. *See* ECF Nos. 45-5, 47-1.

|  | Shares Purchased | Net Shares Purchased | Net Funds Expended | Approximate Loss |
|---|---|---|---|---|
| The Sodhas[3] | 206,640 | 61,120 | $2,565,606 | $1,398,214 |
| Ronan & Tanas | 13,200 | 8,750 | $390,676 | $159,000 |
| Ronan | 5,000 | 5,000 | $242,500 | $98,939 |
| Tanas | 8,200 | 3,750 | $148,176 | $57,853 |

Moreover, Ronan & Tanas are an unrelated group of individuals with no relationship prior to this litigation, and who were clearly brought together by counsel. Therefore, under this Court's precedent, aggregation of their loss is not appropriate. In *Isaacs v. Musk*, this Court considered a similar application to appoint a group of unrelated investors as lead plaintiff and rejected it. No. 18-CV-04865-EMC, 2018 WL 6182753, at *2 (N.D. Cal. Nov. 27, 2018). This Court held that the similar "'group' of unrelated investors with no decisionmaking structure and no connection other than counsel could not qualify as a candidate for lead plaintiff." *Id.* at *2 (quoting *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1018 (N.D. Cal. 1999)). Thus, the proper financial interest comparison is between the Sodhas and Ronan (the member of the Ronan & Tanas group with the larger interest). Either way, the Sodhas' interest in this case far exceeds their opposition's, and the interest of every other original movant.

## II. THE SODHAS' ADDITIONAL OPTIONS LOSSES ARE NOT A BASIS TO REBUT THE STATUTORY LEAD PLAINTIFF PRESUMPTION

The lead plaintiff presumption can only be rebutted with "proof" that a movant is atypical or inadequate. *See*, *e.g.*, *Fibrogen*, 2021 WL 3861454, at *7; *Cavanaugh*, 306 F.3d, at 732; 15 U.S.C. §77z-1(a)(3)(B)(iii). Ronan & Tanas' incoherent, unsupported attack on the Sodhas' options trades comes nowhere near satisfying the exacting standard imposed by the Ninth Circuit. The only challenge raised by Ronan & Tanas to rebut the Sodhas' lead plaintiff presumption – the

---

[3]   All of these figures are for common stock transactions only. The three sales of common stock by the Sodhas that were triggered by the exercise of an option (indicated in their loss chart by "**") did not add to the Sodhas' loss. *See* ECF No. 45-5 at 8 & 26.

3
REPLY BY DR. VINOD SODHA AND DR. AMEE SODHA IN FURTHER SUPPORT OF THEIR MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF SELECTION OF LEAD COUNSEL
Case No. 3:21-cv-09767-EMC

1  fact that the Sodhas also traded in options – is not supported by any case law and, in fact, is contrary
2  to numerous decisions across the country, including this Court's lead plaintiff decision in *Isaacs*
3  *v. Musk*, 2018 WL 6182753.  The challenge is so obviously deficient that the movant with the
4  second largest asserted financial loss – Leroy Doug Altman – did not even bother to make the
5  argument, choosing instead not to oppose the Sodhas' appointment.  ECF No. 53 at 2.

6        The foundation for the argument by Ronan & Tanas is an incorrect and unsupported
7  statement of law.  Specifically, Ronan & Tanas argue that the Sodhas must be disqualified because
8  "Courts generally decline to appoint options investors as lead plaintiffs in PSLRA actions."  *See*
9  ECF No. 57 at 5.  This statement of the law is simply not correct.  No court has ever disqualified
10 the presumptive lead plaintiff in a securities class action merely because the movant traded in
11 options related to the security at issue.  The reason for this is straightforward.  A movant is typical
12 of the class as defined by Fed. R. Civ. P. 23 when it "has the same or similar injury" as the other
13 members of the class (common stock losses) and when "the action is based on conduct which is
14 not unique . . . and [the] other class members have been injured by the same course of conduct."
15 *Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *7.  Here, the Sodhas indisputably have claims that
16 are typical of the class because they purchased $2.5 million worth of Robinhood common stock
17 pursuant to the offering documents like all other members of the Class, suffered significant
18 damages on those investments, have claims that arise from the misrepresentations and omissions
19 alleged in the Complaint, and have no conflicts with the Class.  *See* ECF No. 45 at 5-6.  The fact
20 that the Sodhas, as part of their broader investment strategy, also traded in Robinhood options that
21 are not at issue in this case does not bear on these typicality points.  Notably, Ronan & Tanas do
22 not argue that the Sodhas' claims arising out of their purchase of $2.5 million worth of stock are
23 atypical in any way.  ECF No. 57 at 6-7.

24       Rather than raise any *bona fide* typicality issues, Ronan & Tanas manufacture an argument
25 that the Sodhas were engaged in an "unorthodox options investment strategy" and bought a
26 "staggering volume of options."  This argument is factually incorrect and legally insufficient by
27 its terms.  As a matter of fact, there is nothing "unorthodox" about trading in options, they are

4

28 REPLY BY DR. VINOD SODHA AND DR. AMEE SODHA IN FURTHER SUPPORT OF THEIR
MOTION FOR: (1) APPOINTMENT AS CO-LEAD PLAINTIFFS; AND (2) APPROVAL OF
SELECTION OF LEAD COUNSEL
Case No. 3:21-cv-09767-EMC

commonly encountered securities that are widely traded. Ronan & Tanas are also wrong to call the Sodhas' options trading volume "staggering." The Sodhas purchased $679,559 in call option contracts (Vinod $645,710; Amee $33,849) and sold $280,462 (Vinod $258,932; Amee $21,530) in call option contracts, for a net loss of $399,079. As explained above, the Sodhas invested and lost far more in Robinhood common stock. In light of these facts, now Ronan & Tanas characterize the Sodhas' limited options trading as "tens of millions of dollars in market activity, dwarfing the $1.4 million that the Sodhas incurred in connection with their common stock investments" is baffling. *See* ECF No. 45-5; ECF No. 57 at 7.[4]

More importantly, as a matter of law, "Courts have rejected the argument that the use of sophisticated investment strategies disqualifies a party from serving as lead plaintiff or necessarily undermines reliance, particularly at this stage of the litigation." *Chauhan v. Intercept Pharms.*, No. 21-CV-00036, 2021 WL 235890, at *6 (S.D.N.Y. Jan. 25, 2021). In *Chauhan,* it was argued that a movant was "atypical" because he engaged in "substantial options trading." *Id.* Judge Liman rejected the challenge, relying on numerous decisions holding that the mere presence of more sophisticated investing strategy – such as the use of options – does not render a movant atypical "[a]bsent evidence that [the movant] did not rely on the integrity of the market price." *Id.* Here, as in *Chauhan*, there has been no showing that the Sohdas did not rely on the integrity of the market price for Robinhood stock. Indeed, the undisputed evidence is that the Sohdas relied on that price to purchase $2.5 million in stock. ECF No. 45-5. Thus, as in *Chauhan*, Ronan & Tanas' argument must fail.

The approach taken in *Chauhan* has wide support in the caselaw. Numerous courts have recognized that a movant who traded in both stock and options can be appointed lead plaintiff. For example, in *Isaacs v. Musk*, this Court appointed as lead plaintiff of a securities class action a movant with "long positions in common stock, long positions in options, and short positions in

---

[4] Counter factually, were the Sodhas losses in all Robinhood securities totaled and submitted in support of this motion, the Sodhas' options losses would only constitute a small percentage of the total, $399,000 out of a combined loss of $1,799,000, or 22%. Again, to counsels' knowledge, no movant has ever been held to be atypical under such circumstances.

options." 2018 WL 6182753, at *4; *see also Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739, 2021 WL 5282006, at *8 (S.D.N.Y. Nov. 12, 2021); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997).

Similarly, numerous courts have recognized that a movant's use of more sophisticated investment strategy does not rebut typicality as long as the movant appears to have relied on the market price for the stock. *See*, *e.g.*, *Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14-CV-8925, 2015 WL 1311073, at *8 (S.D.N.Y. Mar. 23, 2015) ("Investment strategies intended to mitigate risk do not render a movant atypical or inadequate."); *In re Imax Sec. Litig.*, No. 06 CIV.6128, 2011 WL 1487090, at *7 (S.D.N.Y. Apr. 15, 2011) (holding that the use of a merger arbitrage investment strategy does not subject a presumptive lead plaintiff to a unique defense and therefore does not rebut the presumption of adequacy); *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 109 (S.D.N.Y. 2004) ("The fact that these traders have divergent motivations in purchasing shares should not defeat the fraud-on-the-market presumption absent convincing proof that price played no part whatsoever in their decision making."). Counsel to Ronan & Tanas, Pomerantz LLP, is well aware of this line of cases and the fact that options alone do not disqualify lead plaintiff candidates. Just in the last weeks since these lead plaintiff motions have been pending, Pomerantz LLP has twice filed lead plaintiff motions on behalf of options traders – Yichun Xie in *Luongo v. Desktop Metal, Inc.*, No. 21-cv-12099 (D. Mass.) (*see* ECF Nos. 28 & 32-1) and Steven Raymond in *Maltagliati v. Meta Materials Inc.*, No. 21-cv-07203 (E.D.N.Y) (*see* ECF Nos. 30 & 30-4). Xie appears to be the presumptive lead plaintiff in the *Desktop Metal, Inc.* case; however, according to Ronan & Tanas' argument here, he should be rejected. Lucky for Xie, that argument is not valid.

There is no authority going the other way and no factual rationale for rejecting a movant merely because they bought options. The authority cited by Ronan & Tanas addresses a different factual situation: where a movant sought leadership of securities class involving the purchase of stock wholly or largely on the basis of options losses. Some courts have rejected such movants,

reasoning that a claim based on the purchase of an option is not sufficiently similar to a claim based on the purchase of stock. *Chauhan*, 2021 WL 235890, at *7 (differentiating the decisions cited by Ronan & Tanas here as "a situation where the majority of [the movant's] losses, or trades, were through options"); *see*, *e.g.*, *Di Scala v. ProShares Ultra Bloomberg Crude Oil*, No. 20 CIV. 5865, 2020 WL 7698321, at *4 (S.D.N.Y. Dec. 28, 2020) ("almost all" (82%) of the movant's losses arose from options-related trading activity); *Cook v. Allergn PLC*, No. 18 CIV. 12089, 2019 WL 1510894, at *2 (S.D.N.Y. Mar. 21, 2019) (movant was atypical where 60% of losses were derived from options trading); *Andrada v. Atherogenics, Inc.*, No. 05 Civ.00061, 2005 WL 912359, at *5 (S.D.N.Y. Apr. 19, 2005) (movant was atypical where he "only purchased call options and not any of the underlying [ ] common stock that most putative class members purchased"); *Micholle v. Ophthotech Corp.*, No. 17-CV-1758, 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (same) (all cited by Ronan & Tanas at ECF No. 57 at 5-6).[5] But that is not the case here. All of the Sodhas' $1.4 million claimed loss is derived from common stock transactions, not options. There is no dispute that the Sodhas' claims with respect to this $1.4 million loss are typical of the class. Thus, the authority cited by Ronan & Tanas is irrelevant.

Finally, Ronan & Tanas also incorrectly refer to the Sodhas as "short sellers" and cite to cases where short sellers were rejected as lead plaintiff movants. These cases are inapt because, as set forth in their certifications, the Sodhas never sold Robinhood common stock short. ECF No. 45-2.

---

[5] Ronan & Tanas' attempts to find support in *In re Apple Secs. Litig.* and *MolyCorp* are even more off-base. *See* R&T Opp. at 1 & 6. *In re Apple* was a class certification decision that held that the lead plaintiff had failed to show that options damages were capable of being calculated on a class-wide basis and therefore an options class was not certified. *In re Apple Inc. Sec. Litig.*, No. 4:19-CV-2033-YGR, 2022 WL 354785, at *13 (N.D. Cal. Feb. 4, 2022). *Apple* says nothing about whether trading in options affects the typicality of a lead plaintiff movant in a common stock case. In *MolyCorp*, all of the movant's common stock purchases were not made at market prices but rather pursuant to the sale of put option contracts at prices that were set by those contracts "well before the Class Period." *Jurkowski v. Molycorp, Inc.*, No. 13 CIV. 5697, 2014 WL 12792750, at *2 (S.D.N.Y. Apr. 2, 2014). That is not the case here. All of the Sodhas purchases of common stock were made at market prices, just like all other members of the Class.

# CONCLUSION

For these reasons and the reasons set forth in their previous papers, the Sodhas respectfully request that the Court appoint them as Co-Lead Plaintiffs, approve their selection of Scott+Scott to serve as Lead Counsel, and deny all competing motions.

Dated:   March 8, 2022

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 s/ *Thomas L. Laughlin*
Thomas L. Laughlin, IV (admitted *pro hac vice*)
Rhiana Swartz (*pro hac vice* forthcoming)
Jonathan M. Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-233-6444
Facsimile:  212-233-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch (CA 281605)
Hal Cunningham (CA 243048)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-233-0508
jjasnoch@scott-scott.com
hcunningham@scott-scott.com

*Counsel for Lead Plaintiff Movants Dr. Vinod Sodha and Dr. Amee Sodha and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movants Dr. Vinod Sodha and Dr. Amee Sodha*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2022, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on March 8, 2022, at New York, New York.

                           s/ *Thomas L. Laughlin*
                           Thomas L. Laughlin (admitted *pro hac vice*)