OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

**Date:** March 24, 2022  **Time:** 2:53-3:09  **Judge:** EDWARD M. CHEN
15 minutes

**Case No.:** 21-cv-09767-EMC  **Case Name:** Golubowski v. Robinhood Markets, Inc.

**Attorneys for Plaintiffs:** Thomas Laughlin (Sodha); Alexander Hood (Ronan and Tanas) and Rhiana Swartz (Sodhas)

**Attorneys for Defendants:** Mark Conrad and Kevin Orsini (Robinhood) and Alexander Talarides (Underwriters)

**Deputy Clerk:** Vicky Ayala  **Court Reporter:** Crystal Hicks

PROCEEDINGS

Motion to Appoint Lead Plaintiff Counsel - held

SUMMARY

Parties stated appearances.

At issue are two competing motions to appoint lead plaintiff and lead counsel. *See* Docket No. 44 ("R&T Mot."); Docket No. 45 ("Sodhas Mot."). Ronan and Tanas incurred losses of approximately $156,773. R&T Mot. at 3. The Sodhas suffered losses of nearly $1.4 million, plus additional losses in options transactions. Sodhas Mot. at 4-5. Ronan and Tanas concede that the Sodhas allege a larger financial loss. Docket No. 57 ("R&T Opp'n") at 4. Because the Sodhas have the larger financial interest, they are entitled to consideration as to whether they represent adequate lead plaintiffs pursuant to Rule 23(a). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002). Ronan and Tanas argue that the Sodhas are atypical plaintiffs because they have (1) extensive options investments and (2) engaged in short sales of call options. R&T Opp'n at 2, 4.

First, the Sodhas are not rendered atypical merely because they have traded options. While courts in this district have declined to appoint as lead plaintiff movants who traded in options, they were generally cases where the movant did not incur losses from common stock trading. *See Applestein v. Medivation Inc.*, No. C 10-00998 MHP, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010). When the proposed lead plaintiff engaged in both common stock and options trading, courts in this district, including this Court, have appointed them. *See, e.g.*, *Xu v. FibroGen, Inc.*, No. 21-CV-02623-EMC, 2021 WL 3861454, at *11 (N.D. Cal. Aug. 30, 2021); *see also Schueneman v. Arena Pharms., Inc.*, No. 10CV1959 BTM BLM, 2011 WL 3475380, at *4 (S.D. Cal. Aug. 8, 2011). Here, the Sodhas' loss in common stock is more than thrice their loss in options trading. Therefore, their options transactions do not render them atypical.

Next, the Sodhas' short sales of options also do not render them atypical. Some courts have found that short-sellers cannot be named lead plaintiffs. *See, e.g., In re Critical Path*, 156 F. Supp. 2d 1102, 1109-10 (N.D. Cal. 2001). However, courts have noted that "[s]hort sales do not in and of themselves render a lead plaintiff's claims atypical." *Crossen v. CV Therapeutics*, No. C 03-03709 SI, 2005 WL 1910928, at *5 (N.D. Cal. Aug. 10, 2005); *see also Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2006 WL 8071391, at *8-9 (N.D. Cal. Dec. 20, 2006) (finding that the plaintiff satisfied both the typicality and adequacy requirements of Rule 23(a) despite engaging in short selling call options). In determining whether a potential plaintiff's short sales render them atypical, courts consider whether the potential plaintiffs made any "ordinary purchases other than those needed to cover their short sales." *See In re Terayon Commc'ns Sys., Inc.*, No. C 00-01967 MHP, 2004 WL 413277, at *8 (N.D. Cal. Feb. 23, 2004).

Here, the Sodhas' short sales of call options pale in comparison to their loss in common stock transactions, as approximately $1.4 million out of the $1.8 million loss was from common stock transactions. None of the common stock were sold short. In addition, Ronan and Tanas fail to articulate why the Sodhas' short sales show a lack of reliance on the market price. *See Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *8 (S.D.N.Y. Nov. 12, 2021) ("Downs has not articulated why Kaintz's short selling bespeaks a lack of reliance on the market price. Accordingly, on the present record, the Court cannot find that Kaintz's short selling would make him an atypical class representative."). For these reasons, the Sodhas' are not rendered atypical.

The Court also finds Scott+Scott to be fit to serve as lead counsel in this case, considering its extensive experience and reputation. *See* Docket No. 45-6; *Cornwell v. Credit Suisse Grp.*, No. 08-CV-03758(VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011) (noting that Scott+Scott is "among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists")

Accordingly, the Court **GRANTS** the Sodhas' motion to appoint them as lead plaintiffs and appoint Scott+Scott as lead counsel, and **DENIES** Ronan and Tanas' corresponding motion.